CHRIS A. HOLLINGER (S.B. #147637)
NICOLE MARMON (S.B. #226884)
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

EVELYN L. BECKER (S.B. #170903)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Defendants
FedEx Ground Package System, Inc., and
FedEx Ground Package System, Inc. dba FedEx
Home Delivery

05 JAN -3 PM 3:16 FILED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MHP

DEAN ALEXANDER, SUZANNE ANDRADE, JARRETT HENDERSON, ELY INES, JORGE ISLA, PAUL INFANTINO, BERNARD MENDOZA, JESSE PADILLA, JOEY RODRIGUEZ, and ALLAN ROSS,

Plaintiffs,

v.

FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX GROUND PACKAGE SYSTEM INC., dba FEDEX HOME DELIVERY, and Does 1-20,

Defendants.

C Case No. 05 00038

**NOTICE OF REMOVAL OF DEFENDANTS FEDEX GROUND PACKAGE SYSTEM, INC., AND FEDEX GROUND PACKAGE SYSTEM, INC. DBA FEDEX HOME DELIVERY**

**TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA.**

PLEASE TAKE NOTICE THAT defendants FedEx Ground Package System, Inc. and FedEx Ground Package System, Inc. dba FedEx Home Delivery (collectively, "FedEx Ground") hereby remove to this Court the state-court action described below.

1. This removal involves an action that was commenced in the Superior Court of the State of California in and for the County of Alameda, entitled Dean Alexander, Suzanne Andrade, Jarrett Henderson, Ely Ines, Jorge Isla, Paul Infantino, Bernard Mendoza, Jesse Padilla, Joey Rodriguez, and Allan Ross v. FedEx Ground Package System Inc., FedEx Ground Package System, Inc. dba FedEx Home Delivery, and Does 1-20, Case Number RG 04 185578. The Plaintiffs' lawsuit is primarily based on the California Labor Code, although there are some apparent references to potential claims based on federal law. A true and correct copy of the Summons and Complaint for Damages, Injunctive and Declaratory Relief and Restitution ("Complaint"), filed on November 17, 2004 in this matter, is attached as Exhibit A. FedEx Ground filed its Answer to the Plaintiffs' Complaint on December 30, 2004. A true and correct copy of said Answer is attached as Exhibit B. All other documents in the Alameda County Superior Court file are attached as Exhibit C. No other pleadings or orders have been served on FedEx Ground.

2. FedEx Ground was served with the Summons and Complaint in this matter on December 2, 2004. FedEx Ground has not secured the assent of the Doe Defendants before removing this action because, to its knowledge, the Doe Defendants have not been served and have not voluntarily appeared in this action. This Notice of Removal is being filed within 30 days of service of the first defendant served (i.e., FedEx Ground), and therefore this Notice of Removal is timely filed. 28 U.S.C. § 1446(b).[1]

3. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by FedEx Ground pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action

[1] Thirty days from the date of service was January 1, 2005, New Year's Day. Accordingly, FedEx Ground is timely filing this Notice of Removal on the next business day available for filing, i.e., January 3, 2005.

between citizens of different states and the matter in controversy exceeds the sum of $75,000.

**Complete Diversity of Citizenship**

4. The Complaint alleges that Plaintiffs are residents of Alameda, Sacramento, Orange, Butte, and San Diego counties in the State of California. (Complaint, ¶ 5.) Therefore, Plaintiffs are citizens of California for diversity-of-citizenship purposes.

5. FedEx Ground is a Delaware corporation, i.e., it is incorporated under the laws of the State of Delaware. (Complaint, ¶ 3.) Its corporate headquarters, i.e., its principal place of business, is located in Moon Township, Pennsylvania. (Declaration of Robert Wolfrum In Support Of Notice Of Removal ["Wolfrum Decl."], filed concurrently herewith, ¶ 2.) Therefore, FedEx Ground is a citizen of the States of Delaware and Pennsylvania for diversity-of-citizenship purposes. *See* 28 U.S.C. § 1332(c).

6. Accordingly, there is complete diversity between the Plaintiffs and the Defendant in this matter. *See* 28 U.S.C. § 1332(a)(1).

**Jurisdictional Amount**

7. Plaintiffs' allegations satisfy the $75,000 jurisdictional amount-in-controversy requirement. Although this matter involves a putative class action and a California Business and Professions Code Section 17200 "representative" action,[2] only the named Plaintiffs' alleged damages are considered for purposes of satisfying the amount-in-controversy requirement. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 941 (9th Cir. 2001). Moreover, the individual Plaintiffs' alleged damages are not aggregated; rather, each named Plaintiff's potential damages must be analyzed separately. *Id.* at 943-44.

---

2 Plaintiffs bring this action "on behalf of themselves and similarly situated employees, and the general public." (Complaint, page 2; lines 1-3.) Plaintiffs seek to represent a class, allegedly consisting of more than 1,000 persons, defined as follows: "All individuals who worked for Defendant FEG [FedEx Ground Package System, Inc.] and/or its subsidiary FHD [FedEx Ground Package System, Inc. dba FedEx Home Delivery] from November 12, 2000 to the time of trial (the Class Period) as package pickup and delivery drivers, and who were mis-classified as 'independent contractors' and thereby deprived of various protections of California law." (Complaint, ¶ 8.)

8. FedEx Ground specifically denies that Plaintiffs are entitled to any damages at all. However, while the Complaint does not state on its face that the amount in controversy exceeds the jurisdictional pre-requisite of $75,000, the types of damages sought by the Plaintiffs indicate that each named Plaintiff is *seeking* damages in excess of $75,000.

9. Plaintiffs allege violations of the California Labor Code and the California Business and Professions Code. They also have included common-law claims for intentional and negligent misrepresentation. More particularly, although FedEx Ground specifically denies that any Plaintiff is entitled to any relief at all, the Plaintiffs seek the following: (a) reimbursement of business expenses, which allegedly were incurred by Plaintiffs and not reimbursed by FedEx Ground (Complaint, ¶¶ 24-26); (b) recovery of allegedly-owed daily and weekly overtime compensation (Complaint, ¶¶ 27-31); (c) recovery of up to two hours of pay for each work day in which Plaintiffs allegedly were not provided meal and rest periods in compliance with California law (Complaint, ¶¶ 32-34); (d) reimbursement of allegedly unlawful deductions from payments made by FedEx Ground to Plaintiffs (Complaint, ¶¶ 35-38); (e) actual damages for allegedly being required by FedEx Ground to purchase goods and services from FedEx Ground and other companies (Complaint, ¶¶ 39-40); (f) compensatory and punitive damages based on FedEx Ground's allegedly false representations to the effect that Plaintiffs were independent contractors, and not employees, of FedEx Ground (Complaint, ¶¶ 41-45); (g) "waiting time" penalties under California law, equal to 30 days of "wages," for FedEx Ground's alleged non-payment of all monies due and owing to Plaintiffs upon the termination of their independent-contractor relationship with FedEx Ground (Complaint, ¶¶ 31, 38); (h) pre-judgment interest (Complaint, pages 18-19, ¶ 2); and (i) litigation costs and expenses, and attorneys' fees (Complaint, page 19, ¶ 8).

10. With respect to their alleged economic damages, although FedEx Ground specifically denies that any Plaintiff is entitled to any relief at all, the Complaint lists multiple items of recovery sought by each Plaintiff, including: (a) reimbursement for the

"purchase or lease, maintenance, operating costs, and adornment of vehicles" (Complaint, ¶ 24); (b) reimbursement for "insurance" (*id.*); (c) reimbursement for communications equipment (*id.*); (d) reimbursement for uniforms (*id.*); (e) unpaid daily and weekly overtime (Complaint, ¶ 29); (f) "up to two additional hours of pay at the regular rate of pay for each work day" in which meal and/or rest periods were not provided in compliance with the requirements of California law (Complaint, ¶ 33); (g) reimbursement of deductions from payments to Plaintiffs, for "cargo claims and insurance claims" (Complaint, ¶ 35); (h) 30 additional days of pay for each Plaintiff "who resigned or [was] terminated without being paid their full compensation," due to deductions for cargo and insurance claims and/or to non-payment of allegedly-owed overtime compensation (Complaint, ¶¶ 38, 31); (i) workers' compensation insurance benefits (Complaint, ¶ 47); (j) unemployment insurance benefits (*id.*); and (k) unpaid employment taxes (Complaint, page 19, ¶ 4).

11. The statute of limitations for an alleged violation of the California Labor Code and for common-law intentional or negligent misrepresentation is generally three years. Cal. Code Civ. Proc. § 338. However, when, as here, alleged Labor Code violations are included as part of a claim under Section 17200 of the California Business and Professions Code, the statute of limitations may arguably be extended to four years. Cal. Bus. & Prof. Code § 17208; *see also Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 167, 178-79 (2000). Accordingly, although FedEx Ground reserves its right to contest the applicability of Business and Professions Code Section 17208 to the Plaintiffs' claims, the Plaintiffs may seek in this action to recover for their alleged economic injuries over a period of at least four years, i.e., from November 17, 2000 until the entry of judgment.

12. Although FedEx Ground denies that the Plaintiffs are entitled to any relief, the allegations in the Complaint and the accompanying evidentiary declarations indicate that each named Plaintiff is seeking damages in excess of $75,000 within the meaning of the diversity-of-citizenship statute. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117

(9th Cir. 2004) (facts presented in removal petition, as well as summary judgment-type evidence, are considered in determining compliance with amount-in-controversy requirement).

13. In terms of the Plaintiffs' alleged economic damages, although FedEx Ground will vigorously contest the Plaintiffs' entitlement to any damages at all, and, if any individual Plaintiff were to prevail on the merits, would contest said Plaintiff's entitlement to any and all of the specific items of relief identified in the Complaint, a reasonable estimate would appear to be that the amount arguably in controversy with respect to each named Plaintiff is between approximately $20,000 and $125,000. (*See* Declaration of Nicole Marmon In Support Of Defendants' Notice Of Removal ["Marmon Decl."], filed concurrently herewith.)

14. Further, Plaintiffs' common-law claim for intentional misrepresentation (fraud) would, if proven, entitle them to seek an award of punitive damages. (*See* Complaint, ¶ 45, and page 19 ¶ 3.) Accordingly, potential punitive damages are properly included in the amount in controversy with respect to each named Plaintiff. *Gibson*, 261 F.3d at 945 ("It is well established that punitive damages are part of the amount in controversy in a civil action."). Although FedEx Ground specifically denies that any individual Plaintiff would be entitled to recover any punitive damages even if he/she were to prevail on the merits of a fraud claim, FedEx Ground submits that it is reasonable to assume, for present purposes only, that any such punitive damages award could be equal to twice the amount of the Plaintiff's economic damages. *Cf. Textron Financial Corp. v. Nat'l Union Fire Ins. Co.*, 118 Cal. App. 4th 1061, 1083-84 (2004) (suggesting that a punitive-to-compensatory damages ratio of 10:1 is the outermost constitutionally-permissible limit of a punitive damages award).

15. Plaintiffs also seek an award of "reasonable attorneys' [fees]," pursuant (but not limited) to California Code of Civil Procedure Section 1021.5 and California Labor Code Sections 1194 and 2802. (*See* Complaint, page 19 ¶ 8.) "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary

language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Accordingly, the potential award of attorneys' fees is properly included in the computation of the jurisdictional amount in this matter, and the measure of attorneys' fees for instant purposes is the amount which, at present, can reasonably be anticipated to be incurred through resolution of this lawsuit.[3] *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002). Notwithstanding the significant uncertainty surrounding any estimate of attorneys' fees at this early juncture, FedEx Ground submits that a reasonable estimate of the attorneys' fees component of the amount-in-controversy in this case is $25,000 per Plaintiff. *See Sampson v. Parking Service Com., Inc.*, 117 Cal. App. 4th 212, 215 (2004) (recognizing that a plaintiff may recover attorneys' fees for violations of the California Labor Code); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001) (general procedure for determining attorneys' fees is for court to assess a "touchstone" or "lodestar figure based on time reasonably spent, 'multiplied by the hourly prevailing rate for private attorneys in the community conducting *noncontingent* litigation of the same type.'") (quoting *Serrano v. Unruh*, 32 Cal. 3d 621, 625 (1982)) (emphasis in original).

16. Diversity jurisdiction is established where it is more likely than not that the amount in controversy exceeds $75,000. *Valdez,* 372 F.3d at 1117. Based on the allegations in the Complaint and the accompanying evidentiary declarations, that is the case here with respect to the alleged damages *sought* by each individual named Plaintiff. Accordingly, the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a).

**Supplemental Jurisdiction**

17. In the event this Court were to determine that the $75,000 amount-in-controversy requirement is not satisfied with respect to certain named Plaintiffs, the Court

3 Similarly, because the Plaintiffs in this case are seeking "such other and further relief as this Court deems just and proper" (Complaint, page 19 ¶ 9), Plaintiffs have increased the amount in controversy by significant measure. *See Gilmer v. Walt Disney & Co.*, 915 F. Supp. 1001, 1011 (W.D. Ark. 1996) (denying remand where plaintiff sought "all other relief to which the class may be entitled," and noting that "plaintiff has attempted to 'have her cake and eat it too'" by arguing "in this court that she is only entitled to crumbs," while "carefully preserv[ing] her right to insist that she is entitled to the whole cake when she gets back to state court.").

should exercise supplemental jurisdiction over said Plaintiffs and their claims. 28 U.S.C. § 1367; *see also Gibson*, 261 F.3d at 938, 941 (28 U.S.C. § 1367 confers supplemental jurisdiction over the claims of plaintiffs and class members in a diversity class action when a named plaintiff has a claim with an amount in controversy in excess of $ 75,000).

**Intradistrict Venue**

18. Intradistrict venue is appropriate in the Oakland Division of this Court, because this action is removed from the Superior Court of the State of California in and for the County of Alameda.

Dated: January 3, 2005.

O'MELVENY & MYERS LLP
CHRIS A. HOLLINGER
EVELYN L. BECKER
NICOLE MARMON

By: [signature]
Chris A. Hollinger

Attorneys for Defendant
FedEx Ground Package System, Inc. and
FedEx Ground Package System, Inc. dba
FedEx Home Delivery

**RULE 3-16 CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Defendant FedEx Ground Package System, Inc. and FedEx Ground Package System, Inc. dba FedEx Home Delivery is a subsidiary of FedEx Corporation, the shares of which are listed on the New York Stock Exchange.

Dated: January 3, 2005.

O'MELVENY & MYERS LLP
CHRIS A. HOLLINGER
EVELYN L. BECKER
NICOLE MARMON

By: Chris Hollinger
Chris A. Hollinger

Attorneys for Defendant
FedEx Ground Package System, Inc. and
FedEx Ground Package System, Inc. dba
FedEx Home Delivery

SF1:570928.4

002/002

SUM-100

# SUMMONS
## (CITACION JUDICIAL)




NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
FEDEX Ground Package System, Inc., FEDEX Ground Package System, Inc., dbs FEDEX Home Delivery, and Does 1-20

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Dean Alexander, Suzanne Andreade, Jarrett Henderson, Ely Ines, Jorge Isla, Paul Infantino, Bernard Mendoza, Jesse Padilla, Joey Rodriguez and Allan Ross

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
ALAMEDA COUNTY SUPERIOR COURT
1225 Fallon Street, Oakland, CA 94612

CASE NUMBER: *(Número del Caso):* RG04 185578

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lynn Rossman Faris, Esq. (State Bar No. 96029), Beth A. Ross, Esq. (State Bar No. 141337)
Leonard Carder, LLP, 1330 Broadway, Suite 1700, Oakland, CA 94612 Tel: (510) 272-0169

DATE: *(Fecha)* NOV 3 0 2004 Clerk, by *(Secretario)* Dorothy K. Lee, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* FEDEX Ground Package System, Inc., dba FEDEX Home Delivery

under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):* DEC - 2 2004



Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. www.USCourtForms.com

12/01/2004 WED 10:31 [TX/RX NO 8470] 002

EXHIBIT A



ENDORSED
FILED
ALAMEDA COUNTY
NOV 17 2004
ARTHUR SIMS, Exec. Off.Clerk
By EAO

LYNN ROSSMAN FARIS, ESQ. (State Bar No. 96029)
BETH A. ROSS, ESQ. (State Bar No. 141337)
LEONARD CARDER, LLP
1330 Broadway Suite 1450
Oakland, California 94612
Tel: 510 272 0169
Fax: 510 272 0174
email: lfaris@leonardcarder.com
bross@leonardcarder.com
ATTORNEYS FOR PLAINTIFFS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

DEAN ALEXANDER, SUZANNE ANDRADE, JARRETT HENDERSON, ELY INES, JORGE ISLA, PAUL INFANTINO, BERNARD MENDOZA, JESSE PADILLA, JOEY RODRIGUEZ, and ALLAN ROSS

Plaintiffs,

vs.

FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX GROUND PACKAGE SYSTEM, INC. dba FEDEX HOME DELIVERY, and Does 1-20,

Defendants.

Case No.

CLASS ACTION

COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF AND RESTITUTION

1. Reimbursement (Cal. Lab. Code §2802)
2. Overtime (Cal. Lab Code §§510, 1194 et seq.) & Late Payment of Wages (Lab. Code §201 et seq.)
3. Meal and Rest Break Penalties (Cal. Lab Code §510, 226.7 and IWC Order 9-2001)
4. Recovery of Deductions From Wages (Cal Lab. Code §221 & 223)
5. Coercion (Cal. Lab Code §450)
6. Intentional and/or Negligent Misrepresentation
7. Unfair Business Practices (Cal. B&P §17200)
8. Injunctive Relief (Cal. B&P Code §17203)
9. Declaratory Relief (Cal. Code of Civ. Proc. §1060)
10. Accounting

JURY TRIAL DEMANDED

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 FAX (510) 272-0174

Plaintiffs Dean Alexander, Suzanne Andrade, Jarrett Henderson, Ely Ines, Jorge Isla, Paul Infantino, Bernard Mendoza, Jesse Padilla, Joey Rodriguez and Allan Ross, on behalf of themselves and similarly situated employees, and the general public allege as follows:

**INTRODUCTION**

1. The California Labor Code provides legal rights to employees and requires employers to meet various legal obligations to their employees, such as the duty to reimburse their employees for all expenses necessarily incurred in connection with their employment (Lab. Code §2802), the duty to pay overtime premium pay for hours worked which exceed eight in any workday or forty in any workweek (Lab. Code §1194), the duty to provide workers compensation coverage (Lab. Code §§3200 *et seq.*), the duty to provide meal and rest breaks (Lab. Code §510, 226.7), the duty to avoid coercion in purchase of necessary equipment and materials (Lab. Code §450) and other legal obligations. Under settled law, employers may not avoid these legal obligations by mis-classifying their employees as "independent contractors" if the employers treat workers as employees.

2. In 1999, a statewide class action entitled Estrada et al. v. Roadway Package Systems, BC 210130, was filed in Los Angeles Superior Court. (The case name was changed to Estrada v. FedEx Ground by order of the court.) A class was certified in 2001 and the case proceeded to trial in phases beginning with Phase I, tried to the court from April 16 to June 30, 2004 before the Honorable Howard J. Schwab. Judge Schwab issued a Statement of Decision on July 26, 2004, finding that pick-up and delivery drivers with one route were employees, not independent contractors, and finding that FedEx Ground had not reimbursed its drivers for their work-related expenses. (A true and correct copy of that Statement of Decision is attached hereto as Exhibit A.) The class definition in Estrada v. FedEx Ground included those who were drivers at the time of the certification order and did not include drivers operating under contracts signed thereafter and also did not include those pickup and delivery drivers operating for the FedEx Ground subsidiary doing business as FedEx Home Delivery. The instant lawsuit follows the earlier Estrada case, covering those not included in that class and seeking additional relief for all pickup and delivery drivers operating under contract with FedEx Ground and FedEx Home

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 FAX (510) 272-0174

Delivery.

3. Defendant FedEx Ground Package System, Inc. ("FEG"), and its division, FedEx Ground Package System, Inc. dba FedEx Home Delivery ("FHD"), is a Delaware corporation doing business as two national companies, affiliated with the Federal Express Corporation. FEG and FHD employ thousands of drivers to pick up and deliver packages for their customers throughout the United States. As a condition of employment, each FEG and FHD driver is required to sign a lengthy form contract entitled the "Pickup And Delivery Contractor Operating Agreement" that mis-characterizes each driver as an "independent contractor." These operating agreements conceal the true nature of the relationship between FEG and its drivers: that of employer and employee.

4. Despite FEG and FHD's control over virtually all material aspects of the employment relationship, and despite the unequivocal command of applicable statutes and case law to the effect that workers such as plaintiffs are entitled to the protections due employees under California law, and despite the finding of the Los Angeles Superior Court that these drivers are employees, FEG and FHD continue to mis-classify their drivers as independent contractors. As a result, these drivers are deprived of the rights and protections guaranteed by California law to all employees and they are deprived of employer-financed workers compensation coverage and unemployment insurance benefits. The terms and conditions of their employment contract require them to purchase, operate and maintain expensive trucks for FEG and FHD's benefit and to work under other unlawful conditions. FEG and FHD 's mis-characterization of their drivers as independent contractors, and the attendant deprivation of substantial rights and benefits of employment are part of an on-going unfair, and/or unlawful and/or fraudulent business practice by FEG and FHD which this court should enjoin.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 FAX (510) 272-0174

**PARTIES**

5. Plaintiffs Dean Alexander, Suzanne Andrade, Jarrett Henderson, Ely Ines, Jorge Isla, Paul Infantino, Bernard Mancuso, Jesse Padilla, Joey Rodriguez and Allan Ross are residents of Alameda, Sacramento, Orange, Butte and San Diego counties in the State of California. Paul Infantino and Joey Rodriguez were and/or are employed by FEG for all relevant

times. Dean Alexander, Suzanne Andrade, Jarrett Henderson, Ely Ines, Jorge Isla, Bernard Mancuso, Jesse Padilla and Allan Ross were and/or are employed by FHD for all relevant times. Together, they sue on behalf of themselves, as representatives of all pickup and delivery drivers in the class defined below, on behalf of the public and as private attorney generals pursuant to the Unfair Business Practices Act ("UBPA"), Cal. Bus. & Prof. Code §17200, et seq. and Cal. Labor Code § 2699.

6. Plaintiffs are informed and believe and on that basis allege that at all times herein mentioned defendants FEG and FHD have been and are Delaware corporations authorized to do business and doing business in the state of California at various locations throughout the state including at least one location in the County of Alameda.

7. The true names and capacities, whether individual, corporate, association or otherwise of defendants named herein as DOES 1 THROUGH 20, inclusive, are unknown to Plaintiffs and therefor Plaintiffs sue such DOES by fictitious names. Plaintiffs are informed, believe, and on that basis allege that these DOE defendants are California residents or corporations or entities doing business in the State of California, and that each is the agent of the other Defendants and that each is responsible for some or all of the acts and omissions alleged herein. Plaintiffs will amend this complaint to show the true names and capacities of these DOE defendants when they have been determined.

## CLASS ACTION ALLEGATIONS

8. Plaintiffs bring this action as a class action on behalf of all persons who are working or, since November 12, 2000, have worked for FEG and/or FHD as package pick-up and delivery drivers. Plaintiffs bring this class action on behalf of themselves and other similarly situated members of the class who have been similarly victimized by FEG and FHD in the manner described in this Complaint. The class is specifically defined as follows:

> All individuals who worked for Defendant FEG and/or its subsidiary FHD in California from November 12, 2000 to the time of trial (the Class Period) as package pickup and delivery drivers, and who were mis-classified as "independent contractors" and thereby deprived of various protections of California law.

9. During the class period plaintiffs are informed and believed and on that basis allege that more than 1000 persons have worked for FEG and/or FHD as package pickup and

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 FAX (510) 272-0174

delivery drivers in California whose identities may be ascertained from Defendants' records.

10. This action may be properly maintained as a class action under Cal. Code of Civ. Proc. § 382 in that:

1. The members of the class are so numerous that their individual joinder in a single action is impossible and/or impracticable;

2. The central questions of law and fact involved in this action are of a common or general interest and those common legal and factual issues predominate over any questions affecting only individual members of the class. Among the common questions of law and fact are the following:

i. Whether class members have been mis-classified as independent contractors pursuant to FEG and/or FHD's operating agreements;

ii. Whether FEG and FHD have violated their legal obligations under various provisions of the California Labor Code;

iii. Whether FEG and FHD unlawfully failed to provide workers compensation insurance benefits and unemployment insurance benefits to the class members in violation of Cal. Labor Code §§3200 *et seq.* and Cal. Unempl. Ins. Code §§100 *et seq.* respectively;

iv. Whether FEG and FHD's actions constitute violations of the Unfair Business Practices Act;

v. Whether FEG and FHD intentionally and/or negligently misrepresented to Plaintiffs and the class they seek to represent their true employment status and thereby induced them to incur substantial expenses in reliance on such representations; and

vi. Whether injunctive and declaratory relief and an equitable accounting are proper.

3. The claims of the named representative plaintiffs are typical of the claims of other members of the class. The named plaintiffs share the same interests as other members of the class in this action because, like other class members, they have

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 FAX (510) 272-0174

each been mis-classified and suffered financial loss of thousands of dollars due to FEG and/or FHD's wrongful mis-classification. Given the significance of their losses, they have the incentive, and are committed, to vigorously prosecute this action. They have retained competent and experienced counsel who specialize in class action and employment litigation to represent themselves and the proposed class;

4. A class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impracticable for members of the class to seek redress individually for the wrongful conduct herein alleged. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 FAX (510) 272-0174

## FACTS COMMON TO ALL CAUSES OF ACTION

11. FEG and FHD are a national corporation and a division thereof whose businesses consist of package delivery and pick-up service to customers, using a single integrated nationwide network of transportation, sortation and communication facilities and integrating class members into those existing network of operations. Defendants FEG and FHD hired plaintiffs to timely deliver and pick up packages based at times, locations and for amounts determined solely by FEG and/or FHD.

12. FEG and FHD employ or employed during the class period more than 1,000 delivery and pick-up drivers in the State of California including, either presently or at material times in the past, each of the plaintiffs.

13. FEG and FHD retain the right to control the manner and means by which Plaintiffs and class members perform their jobs. Drivers work from a FEG or FHD terminal, where they are assigned packages for delivery and locations for pickups each day. FEG and FHD employ a variety of managers and at their terminals who have supervisory responsibility over the

FHD employ a variety of managers and at their terminals who have supervisory responsibility over the drivers, their daily assignments and paperwork. Drivers also interact with other FEG and/or FHD personnel on a daily basis.

14. FEG and FHD unilaterally set the compensation to be paid to the drivers. Defendants pay drivers for the number of stops, deliveries and pick-ups made, as well as daily compensation for making themselves available for pickup and delivery work in a geographic areas determined by FEG and FHD.

15. FEG and FHD unilaterally set the prices charged to their customers for the services rendered by Plaintiffs and plaintiff class members.

16. FEG and FHD have a wide array of written and unwritten policies and procedures that drivers are trained in and required to follow in their work. When drivers do not follow FEG and FHD rules, they suffer various types of punishment, some financial and some disciplinary.

17. Plaintiffs and Plaintiff class members provide service which is an integral part of FEG and FHD's business enterprise and they have no separate or distinct occupation or business. By providing vehicles with required FEG and FHD's colors, logos and advertising, by reliably serving FEG and FHD's customers, by following FEG and FHD's controlled delivery routes and delivery and pick-up methods, by providing FEG and FHD with customer leads, by using FEG and FHD scanners which enable Defendants' customers to track their packages, and in other material ways, Plaintiffs and Plaintiff class members have rendered, and continue to render, services to defendants which are integral to the Defendants' package delivery system.

18. Prior to commencing employment with FEG and/or FHD, each driver must sign a "Pick-Up and Delivery Contractor Operating Agreement" and Addenda thereto (referred to as combined "OA or the Agreement") as a mandatory condition of employment. Plaintiffs are informed and believe and on that basis alleges that the Agreement is the same in all material respects between each member of the plaintiff class and FEG or FHD. The Agreements between Plaintiffs and FEG and between Plaintiffs and FHD contain essentially the same material terms with only minor, insubstantial differences.

19. The Agreements contain various statements purporting to classify Plaintiffs and

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 FAX (510) 272-0174

the company, inter alia, the right to approve or disapprove any vehicle used to provide service, the right to approve or disapprove any driver or helper who provides service, the right to approve or disapprove the purchase or sale of any vehicle, the right to assign deliveries to each driver, the right to temporarily or permanently transfer portions of any route to another with or without compensation, the right to determine when a driver has "too few" or "too many" packages to deliver, the right to inspect vehicles and drivers for compliance with Company-promulgated appearance standards, the right to terminate the contract upon thirty days notice or whenever the company unilaterally determines that any provision of the contract has been "violated," amounting to the right to terminate at will, the right to require the use of communication equipment and the wearing of Company uniforms, the right to take a vehicle out of service, the right to review and evaluate "customer service" and to set standards of such service, the right to require drivers to perform service at "times" requested by customers and determined by FEG and FHD, the right to withhold pay for certain specified expenses, the right to require purchase of specified insurance and numerous other purchases by drivers, the right to require completion of specified paperwork, and other rights reserved to FEG and FHD.

20. The Agreements also provide, among other things, that:

1. Subject to company approval of any vehicle used, drivers must provide and maintain their own vehicle, paying for all costs and expenses incidental to its operation, including maintenance, gas, oil, repairs, tax, licenses and tolls. Moreover, drivers must adorn the vehicle with specific colors, logos and marks, identifying it as part of the FEG or FHD system at their own expense;

2. Drivers must maintain liability and workers compensation insurance (sometimes referred to as "work accident insurance" for the benefit of Defendant;

3. Drivers must use communications equipment, i.e., a scanner, which uses FEG and/or FHD's customized and/or proprietary tracking software and drivers must pay to rent such equipment from the Company;

4. Drivers must prepare and submit daily reports and such shipping documents "as FEG may from time to time designate;"

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 FAX (510) 272-0174

5. Drivers must wear an approved uniform, and keep their personal appearance consistent with standards unilaterally "promulgated from time to time" by Defendants;

6. Defendant retains the right to change a driver's work area on a daily basis or permanently, at its discretion, notwithstanding statements in the Agreement regarding an alleged "proprietary interest" in the customers the driver serves; and

7. After one month of service, drivers become eligible to participate in FEG's Customer Service Program, by which a monetary bonus can be earned for every period in which the driver has no at-fault accidents, no customer complaints and no missed-pickups and during which the entire terminal's performance meets company-assigned standards of service; and

8. Defendant retains the right to control the volume of packages to be delivered and/or picked up, the locations of such deliveries and pickups, and the delivery and/or pickup times (referred to as "windows"), thus controlling the drivers' work hours.

21. The Agreement is and at all times mentioned herein has been a contract of adhesion, drafted exclusively by Defendants and/or their legal counsel, with no negotiation with drivers who are required to sign the Agreement as a condition of employment. Plaintiffs and plaintiff class members are required to sign the form contract as is, without any changes made to the terms contained therein. The Agreement is, and at all material times has been, unlawful and unconscionable in form and effect.

22. Although the nature of the work performed by the plaintiff class makes detailed control by management unnecessary, Defendants in fact retain the right to control and exercise extensive control over the work of the drivers, as is necessary to fulfill Defendants' commitments to their customers.

23. Defendants' right of control over plaintiff class members is retained and/or exercised by FEG and FHD as demonstrated by Company written rules and policies and unwritten practices which supplement and fill the gaps in the written contract.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 FAX (510) 272-0174

FIRST CAUSE OF ACTION
(Failure to Reimburse in Violation of Labor Code §2802)

Plaintiffs hereby incorporate by reference paragraphs 1 through 23 above as if fully set forth herein, and, for a cause of action by all members of the plaintiff class, allege as follows:

24. While acting on the direct instruction of FEG and/or FHD and discharging their duties for FEG and/or FHD, Plaintiffs and plaintiff class members incurred work-related expenses for the purchase or lease, maintenance, operating costs, and adornment of vehicles; insurance, communications equipment and uniforms. Plaintiffs and class members necessarily incurred these substantial expenses as a direct result of performing their job duties for Defendants.

25. FEG and FHD have failed to indemnify or in any manner reimburse the plaintiff class members for these expenditures, and have knowingly inserted illegal contractual provisions as part of an unconscionable and illegal scheme designed to avoid its legal duty to indemnify its employees. By mis-classifying its employees as "independent contractors," and further by contractually requiring those employees to pay their own expenses, FEG and FHD have violated and continues to violate Cal. Labor Code § 2802.

26. As a direct and proximate result of FEG and FHD's conduct, Plaintiffs and Plaintiff class members have suffered substantial losses according to proof, including pre-judgment interest, costs and attorney fees for the prosecution of this action.

WHEREFORE, plaintiffs and the plaintiff class are entitled to damages in an amount to be ascertained at the trial of the matter according to proof.

SECOND CAUSE OF ACTION
(Failure to pay overtime compensation in Violation of California Labor Code §§510 and 1194 et seq. and For Late Payment of Wages In Violation of California Labor §201 et seq.)

Plaintiffs hereby incorporate by reference paragraphs 1 through 26 above as if fully set forth herein, and, for a cause of action by the identified subclass of the plaintiff class, allege as follows:

27. Various Plaintiffs and plaintiff class members operate vehicles with a gross vehicle weight rating of less than 10,001 pounds, including but not limited to P350 and P400

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 FAX (510) 272-0174

package vans. Persons who operate such vehicles are not subject to the maximum hours regulations promulgated pursuant to the Federal Motor Carrier Safety Act and are therefore not exempt from the overtime requirements established by the California Labor Code and the California Industrial Welfare Commission ("IWC") Wage Order 9.

28. Plaintiffs and plaintiff class members who during the class period have operated vehicles with a gross vehicle weight rating of less than 10,001 for Defendants FEG and/or FHD are legally entitled to overtime compensation for all hours worked in excess of eight hours per day and all hours worked in excess of forty per work week under the California Labor Code and the California Industrial Welfare Commission ("IWC") Wage Order 9.

29. Plaintiffs and plaintiff class members who operate vehicles with a gross vehicle weight rating of less than 10,001 pounds have not been paid at the rate of time and one-half their regular rate of pay for all hours of overtime worked, in violation of California Labor Code §§510 and 1194 et seq. and IWC Wage Order 9.

30. As a direct and proximate result of the unlawful conduct of FEG and FHD, such Plaintiffs and such plaintiff class members have suffered substantial monetary losses, according to proof, and are further entitled to pre-judgment interest, recovery costs of suit and reasonable attorney fees as a result of their prosecution of this lawsuit.

31. As a further direct and proximate result of the unlawful failure to pay overtime compensation, such Plaintiffs and such plaintiff class members who were deprived of their overtime compensation and who have resigned or been terminated from their employment, are entitled to recover thirty additional days of pay pursuant to California Labor code §201 et seq. by virtue of FEG and FHD's failure to timely pay all wages due and owing upon resignation or termination.

WHEREFORE, plaintiffs and the plaintiff class are entitled to damages in an amount to be ascertained at the trial of the matter according to proof.

**THIRD CAUSE OF ACTION**
**(Failure to Provide Meal and Break Periods In Violation of California Labor Codes §§510, 226.7 and IWC 9)**

Plaintiffs hereby incorporate by reference paragraphs 1 through 30 above as if fully set

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 FAX (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 FAX (510) 272-0174

forth herein, and, for a cause of action by all members of the plaintiff class, allege as follows:

32. FEG and FHD required Plaintiffs and plaintiff class members to work without any thirty minute unpaid meal period and/or either of two break periods as required by California Labor Codes §§510, 226.7 and California Industrial Welfare Commission Wage Order 9, which is applicable to Plaintiffs and the plaintiff class.

33. By virtue of being deprived of such meal and rest periods, Plaintiffs and plaintiff class members are entitled to recover up to two additional hours of pay at the regular rate of pay for each work day that such meal and/or rest periods were not provided. FEG and FHD have failed and refused to pay such additional compensation in violation of the aforesaid provisions of the Labor Code and IWC Wage Order 9.

34. As a direct and proximate result of FEG and FHD's conduct as alleged, Plaintiffs and plaintiff class members have suffered substantial monetary losses, according to proof, plus pre-judgment interest, costs and reasonable attorney fees.

WHEREFORE, plaintiffs and the plaintiff class are entitled to damages in an amount to be ascertained at the trial of the matter according to proof.

**FOURTH CAUSE OF ACTION**
**(Illegal Deductions From Wages In Violation Of California Labor Code §221 & 223)**

Plaintiffs hereby incorporate by reference paragraphs 1 through 34 above as if fully set forth herein, and, for a cause of action by all members of the plaintiff class, allege as follows:

35. FEG and FHD have unlawfully withheld monies from the compensation earned by Plaintiffs and plaintiff class members for business expenses of FEG and FHD, including but not limited to cargo claims and insurance claims in violation of California Labor Code §§ 221 and 223.

36. FEG and FHD have withheld said funds unlawfully without even providing Plaintiffs and plaintiff class members with advance notice of the amounts, reasons or documentation of any justification for such deductions and absent any lawfully sufficient reason for such conduct.

37. As a direct and proximate result of FEG and FHD's conduct, Plaintiffs and plaintiff class members have suffered substantial losses and been deprived of compensation to

which they were entitled, including monetary damage, pre-judgment interest, costs and reasonable attorney fees.

38. As a direct and proximate result of FEG and FHD's conduct, Plaintiffs and plaintiff class members who resigned or were terminated without being paid their full compensation, by virtue of such illegal deductions, are also entitled to thirty additional days of pay pursuant to California Labor Code §201-203.

WHEREFORE, plaintiffs and the plaintiff class are entitled to damages in an amount to be ascertained at the trial of the matter according to proof.

**FIFTH CAUSE OF ACTION**

**(For Unlawful Coercion In Violation of California Labor Code 450 et seq.)**

Plaintiffs hereby incorporate by reference paragraphs 1 through 38 above as if fully set forth herein, and, for a cause of action by all members of the plaintiff class, allege as follows:

39. FEG and FHD have compelled and/or coerced Plaintiffs and plaintiff class members to patronize FEG and/or FHD requiring Plaintiffs and plaintiff class members to purchase uniforms, scanner, van washing services and other equipment and material directly from FEG and FHD in violation of California Labor Code §450.

40. FEG & and FHD have also compelled and/or coerced Plaintiffs and plaintiff class members to patronize other companies requiring them to do business with such companies in the purchase or lease of vehicles and/or insurance in violation of California Labor Code §450. As a direct and proximate result of FEG and FHD's coercion, Plaintiffs and plaintiff class members have suffered substantial monetary damage, according to proof.

WHEREFORE, plaintiffs and the plaintiff class are entitled to damages in an amount to be ascertained at the trial of the matter according to proof.

**SIXTH CAUSE OF ACTION**

(Intentional and/or Negligent Misrepresentation)

41. Paragraphs 1 through 40, inclusive, are incorporated by reference as if fully stated herein.

42. Plaintiffs and the class they represent were hired by FEG and FHD to work as

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 FAX (510) 272-0174

independent contractors pursuant to the terms of the contract. In fact, FEG and FHD were aware or should have been aware, at all times, that the "independent contractor" classification was improper and that, in fact, plaintiffs and all persons similarly situated were "employees" entitled to all of the benefits and protections of the California Labor Code and other applicable law. Plaintiffs are informed, believe and on that basis allege, that FEG and FHD intentionally mislead plaintiffs as to their employment status, or made such representations to Plaintiffs and plaintiff class members recklessly and/or negligently, for the purpose of realizing unjust profits from plaintiffs' work.

43. At all material times, FEG and FHD either knew, or should have known, that the representations made to plaintiffs concerning their employment status, and plaintiffs' corresponding obligation to assume responsibility for all of their own employment related expenses were false and fraudulent.

44. At all material times, plaintiffs and the class they represent justifiably relied to their detriment on the false and fraudulent representations made to them by FEG and FHD concerning their employment status and obligation to assume responsibility for all of their own employment related expenses, and suffered damage as direct and proximate result.

45. By its aforesaid conduct, FEG and FEH are guilty of oppression, fraud and malice in violating Plaintiff rights and protections guaranteed by the California Labor Code and other applicable law.

WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated, pray for relief as stated hereinafter.

**SEVENTH CAUSE OF ACTION**
**(Unfair Business Practices in Violation of California Business and Professions Code §§17200 et. seq.)**

Plaintiffs incorporate by reference Paragraphs 1 through 45 above as if fully set forth, and for a cause of action on behalf of all members of plaintiff class, allege as follows:

46. The California Unfair Business Practices Act (UBPA), Cal. Bus. & Prof. Code §

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 FAX (510) 272-0174

17200 *et. seq.* prohibits business and/or individuals from engaging in, *inter alia*, business practices which are unlawful, unfair or fraudulent.

47. By all of the foregoing alleged conduct of failing to indemnify plaintiffs and class members for work-related expenses, by failing and refusing to provide plaintiffs and class members with workers compensation insurance and unemployment insurance benefits, by failing to pay overtime compensation to Plaintiffs and plaintiff class members who operate trucks with a gross vehicle weight rating of less than 10,001pounds, by failing and refusing to provide meal and/or rest periods, by unlawfully deducting money from wages and coercing Plaintiffs and plaintiff class members to patronize Defendants and allied companies, by intentionally, reckless and/or negligently misrepresenting to Plaintiffs and plaintiff class members the true nature of their employment status, and by engaging in the other acts and conduct alleged above, FEG and FHD have committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal. Bus. & Professions Code §17200 et seq.

48. As a direct and proximate result of the unfair business practices described above, Plaintiffs, members of the plaintiff class and the general public have all suffered significant losses and Defendants have been unjustly enriched.

49. Pursuant to Cal. Bus. & Prof. Code §17203, Plaintiffs, members of the plaintiff class, and the general public are entitled to: (a) restitution of money acquired by defendants by means of their unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against defendants' continuation of their unfair business practices, and (c) a declaration that defendants' business practices are unfair within the meaning of the statute.

WHEREFORE, plaintiffs and the plaintiff class are entitled to relief as more fully set forth below.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 FAX (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 . FAX (510) 272-0174

## EIGHTH CAUSE OF ACTION
**(Injunctive Relief -- Cal. Bus. & Prof. Code §17203)**

Plaintiffs incorporate Paragraphs 1 through 49 of this Complaint as though fully set forth, and for a cause of action on behalf of themselves and all persons similarly situated, allege as follows:

50. By failing to indemnify plaintiffs and class members for work-related expenses, by failing and refusing to provide plaintiffs and class members with workers compensation insurance and unemployment insurance benefits, by failing to pay overtime compensation to Plaintiffs and plaintiff class members who operate trucks weighting less than 10,000 pounds, by failing and refusing to provide meal and/or rest periods, by unlawfully deducting money from wages and coercing Plaintiffs and plaintiff class members to patronize Defendants and allied companies, and by engaging in the other acts and conduct alleged above, FEG has committed, and is continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal. Bus. & Professions Code §17200 et seq. Defendants, if not enjoined by this Court, will continue to engage in the said unlawful, unfair and fraudulent business practices in derogation of the rights of plaintiffs, of class members and of the general public to be free from such improper and anti-competitive conduct.

51. Absent injunctive relief enjoining defendants from engaging in the unlawful, unfair and fraudulent business practices described above, plaintiffs, members of the class and the general public will be irreparably injured, the extent, nature and amount of such injury being impossible to ascertain.

52. Plaintiffs have no plain, speedy and adequate remedy at law.

53. For these reasons, preliminary and permanent injunctive relief is appropriate.

WHEREFORE, plaintiffs and plaintiff class are entitled to injunctive relief as more fully set forth below.

## NINTH CAUSE OF ACTION
**(Declaratory Relief -- Cal. Code of Civil Procedure §1060)**

Plaintiffs incorporate Paragraphs 1 through 53 above as if fully set forth, and, for a cause

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 FAX (510) 272-0174

of action, allege as follows:

54. An actual and substantial controversy exists between Plaintiffs and members of the Plaintiff class on the one hand, and defendants FEG and FHD on the other hand, as to the following matters:

1. Whether FEG and FHD mis-classified drivers as independent contractors when they were in fact employees;
2. Whether FEG and FHD failed to reimburse pickup and delivery drivers for their necessarily incurred employment expenses, in violation of Labor Code §2802;
3. Whether FEG and FHD have unlawfully refused to provide workers compensation and /or unemployment insurance benefits under applicable law;
4. Whether FEG and FHD have unlawfully failed to pay overtime compensation required by California law;
5. Whether FEG and FHD have unlawfully prohibited Plaintiffs and plaintiff class members from taking meal and/or rest periods as required by law;
6. Whether FEG and FHD have made unlawful deductions from the compensation paid to Plaintiffs and plaintiff class members in violation of California law;
7. Whether FEG and FHD have coerced or compelled Plaintiffs and plaintiff class members to patronize FEG, FHD and/or other companies in the purchase or lease of vehicles, uniforms, scanners, insurance and other equipment and materials in violation of California law; and
8. Whether FEG and FHD have engaged in unlawful, unfair or fraudulent business practices in violation of California law.

55. Plaintiffs contend that in various ways, as alleged above, defendants have violated California law. Defendant FEG contends the opposite. Declaratory relief is therefore

penalties in an amount which may be proven at trial, together with prejudgment interest at the maximum rate allowed by law, costs and reasonable attorney fees;

3. As to the Sixth Cause of Action for Intentional Misrepresentation, for an award punitive damages in an amount to be proven at trial;

4. As to the Seventh Cause of Action, for an order by the Court restoring and/or returning to plaintiffs and members of the class all of defendants' unfairly or illegally gotten profits measured by un-reimbursed expenses incurred, workers compensation premiums, unpaid unemployment insurance benefits, money withheld from wages, unpaid overtime, a portion of self-employment tax paid by Plaintiffs and plaintiff class members which should have been paid by Defendants and other money due as part of a full restitutionary remedy;

5. As to the Eighth Cause of Action, for an order by the Court preliminarily and permanently enjoining defendants from continuing their unfair, unlawful and/or fraudulent conduct;

6. For a declaration that defendants' conduct violates California law and that Plaintiffs and the plaintiff class are employees under California law;

7. For an accounting;

8. For an award to plaintiffs of all of their costs and expenses incurred in this action, including reasonable attorneys' pursuant to applicable California law, including but not limited to Cal. Code of Civil Procedure §1021.5 and Labor Code §2802, 1194, and other laws; and

9. For such other and further relief as this Court deems just and proper.

///

///

///

///

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE, (510) 272-0169 FAX (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169 FAX (510) 272-0174

DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all claims as to which they are entitled to jury trial.

Dated: November 12, 2004

LEONARD CARDER, LLP

By: [signature]
Lynn Rossman Faris
Attorneys for Plaintiffs

ENDORSED FILED ALAMEDA COUNTY

04 DEC 30 PM 4:50

CLERK OF THE SUPERIOR COURT BY BARBARA C. YOUNG, DEPUTY

CHRIS A. HOLLINGER (S.B. #147637)
NICOLE MARMON (S.B. #226884)
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street, Suite 2600
San Francisco, California 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

EVELYN L. BECKER (S.B. #170903)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Defendants
FedEx Ground Package System, Inc., and
FedEx Ground Package System, Inc. dba FedEx
Home Delivery

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| DEAN ALEXANDER, SUZANNE ANDRADE, JARRETT HENDERSON, ELY INES, JORGE ISLA, PAUL INFANTINO, BERNARD MENDOZA, JESSE PADILLA, JOEY RODRIGUEZ, and ALLAN ROSS,<br>Plaintiffs,<br>v.<br>FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX GROUND PACKAGE SYSTEM INC., dba FEDEX HOME DELIVERY, and Does 1-20,<br>Defendants. | Case No. RG 04 185578<br>**ANSWER OF DEFENDANTS FEDEX GROUND PACKAGE SYSTEM, INC. AND FEDEX GROUND PACKAGE SYSTEM, INC. DBA FEDEX HOME DELIVERY TO PLAINTIFFS' UNVERIFIED COMPLAINT** |

BY FAX

Defendants FedEx Ground Package System, Inc. and FedEx Ground Package System, Inc. dba FedEx Home Delivery (collectively, "FedEx Ground"), for themselves alone and for no other defendant, hereby answer the unverified Complaint filed by



10509866.tif - 12/30/2004 2:27:54 PM

plaintiffs Dean Alexander, Suzanne Andrade, Jarrett Henderson, Ely Ines, Jorge Isla, Paul Infantino, Bernard Mendoza, Jesse Padilla, Joey Rodriguez, and Allan Ross (collectively, "Plaintiffs") as follows:

Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, FedEx Ground denies each and every, all and singular, allegations of the Complaint, and also denies that Plaintiffs or any putative member of the purported class and sub-class set forth in the Complaint, or any of them, were damaged in the sum or sums alleged or in any sum at all. FedEx Ground further specifically denies that any of the claims alleged by Plaintiffs in the Complaint may properly be adjudicated on a class-action basis.

AS AND FOR ITS AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION PURPORTED TO BE SET FORTH AGAINST IT BY PLAINTIFFS ON THEIR OWN BEHALF, AND ON BEHALF OF THE PUTATIVE MEMBERS OF THE PURPORTED CLASS AND SUB-CLASS DEFINED IN THE COMPLAINT, FEDEX GROUND ALLEGES AS FOLLOWS:

**FIRST AFFIRMATIVE DEFENSE**

Failure to State a Cause of Action

Plaintiffs' causes of action, and each of them, brought on behalf of themselves and the putative members of the purported class and sub-class set forth in the Complaint, fail to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

Statute of Limitations

Plaintiffs' causes of action, and the causes of action of the putative members of the purported class and sub-class defined in the Complaint, or some of them, are barred in whole or in part by the applicable statutes of limitations, including, without limitation, the statute of limitations for claims under the California Business and Professions Code, and

the limitations periods prescribed in Sections 338 and 340 of the California Code of Civil Procedure.

**THIRD AFFIRMATIVE DEFENSE**

No Class Action

Plaintiffs' causes of action, and each of them, cannot and should not be maintained on a class-action basis because those causes of action, and each of them, fail to meet the necessary requirements for class certification, including, *inter alia*, class ascertainability, typicality, commonality, numerosity, superiority, and adequacy of the class representatives.

**FOURTH AFFIRMATIVE DEFENSE**

Unconstitutional Class Action

Certification of a class action under the circumstances of this case would violate FedEx Ground's rights under the United States Constitution and the California Constitution.

**FIFTH AFFIRMATIVE DEFENSE**

No Standing

Plaintiffs' causes of action, or some of them, are barred in whole or in part because Plaintiffs, or some of them, lack standing.

**SIXTH AFFIRMATIVE DEFENSE**

Unconstitutional Unfair Business Practices Claims

To the extent Plaintiffs seek to bring "representative" claims under the California Business and Professions Code without certifying a class under Section 382 of the California Civil Procedure Code or Federal Rule of Civil Procedure 23, or to the extent the Court declines to certify a class, then maintenance of those claims as "representative" actions under the California Business and Professions Code (assuming, arguendo, that some or all of said claims could be so maintained, which FedEx Ground specifically denies) would violate the Due Process Clause of the California and United States Constitutions by authorizing actions to be brought on behalf of a class without requiring

class certification of persons allegedly injured by the challenged act or practice. Moreover, any finding of liability pursuant to the California Business and Professions Code would violate the Due Process Clause of the United States and California Constitutions because, *inter alia*, the standards of liability under the Business and Professions Code are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest. Finally, any award of restitution under the California Business and Professions Code would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

**SEVENTH AFFIRMATIVE DEFENSE**

Preemption

Plaintiffs' causes of action, and the causes of action of the putative members of the purported class and sub-class defined in the Complaint, or some of them, are preempted, in whole or in part, by federal law, and the federal regulation of interstate commerce in general and the transportation industry in particular.

**EIGHTH AFFIRMATIVE DEFENSE**

Estoppel

Plaintiffs' causes of action, and the causes of action of each putative member of the purported class and sub-class defined in the Complaint, or some of them, are barred in whole or in part because Plaintiffs and the putative class and sub-class members are estopped by their own conduct to claim any right to damages or other monetary relief from FedEx Ground.

**NINTH AFFIRMATIVE DEFENSE**

Unclean Hands

Plaintiffs' causes of action, and the causes of action of each putative member of the purported class and sub-class defined in the Complaint, or some of them, are barred in whole or in part by Plaintiffs' and the putative class and sub-class members' unclean hands and/or inequitable or wrongful conduct.

**TENTH AFFIRMATIVE DEFENSE**

Laches

Plaintiffs' causes of action, and the causes of action of each putative member of the purported class and sub-class defined in the Complaint, or some of them, are barred in whole or in part by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

Adequate Remedy At Law

Injunctive relief is barred because Plaintiffs, and the putative members of the purported class and sub-class defined in the Complaint, have an adequate remedy at law and/or other requirements for granting injunctive relief cannot be satisfied.

**TWELFTH AFFIRMATIVE DEFENSE**

Res Judicata/Collateral Estoppel

Plaintiffs' causes of action, and the causes of action of each putative member of the purported class and sub-class defined in the Complaint, or some of them, are barred, in whole or in part, by the doctrines of *res judicata* and/or *collateral estoppel.*

**THIRTEENTH AFFIRMATIVE DEFENSE**

Accord and Satisfaction; Payment

Plaintiffs' causes of action, and the causes of action of each putative member of the purported class and sub-class defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Release

Plaintiffs' causes of action, and the causes of action of each putative member of the purported class and sub-class defined in the Complaint, or some of them, are barred in whole or in part because said causes of action have been released by the individual(s) in question.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Waiver

Plaintiffs' causes of action, and the causes of action of each putative member of the purported class and sub-class defined in the Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Independent Contractor Status

Plaintiffs' causes of action, and the causes of action of each putative member of the purported class and sub-class defined in the Complaint, and each of them, are barred because said individuals are/were independent contractors, and not employees, of FedEx Ground.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Authorized Deductions

Assuming, arguendo, that Plaintiffs, and the putative members of the purported class and sub-class defined in the Complaint, or some of them, are/were employees within the meaning of California law, which FedEx Ground specifically denies, Plaintiffs' claims, and the claims of the putative members of the purported class and sub-class defined in the Complaint, are barred in whole or in part because the alleged deductions from payments made to Plaintiffs and putative class and sub-class members were authorized in writing or otherwise by the individual(s) in question and did not amount to a rebate or deduction from the standard wage under a wage agreement or statute within the meaning of California law, and/or the alleged deductions were otherwise authorized by the California Labor Code and/or the California Industrial Welfare Commission's Wage Orders.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Overtime Exemption

Assuming, arguendo, that Plaintiffs, and the putative members of the purported class and sub-class defined in the Complaint, or some of them, are/were employees within

the meaning of California law, which FedEx Ground specifically denies, Plaintiffs' claims, and the claims of the putative members of the purported class and sub-class defined in the Complaint, or some of them, including, but without limitation, the claims set forth in the second cause of action in said Complaint, are barred in whole or in part because Plaintiffs and the putative class and sub-class members, or some of them, were at all relevant times exempt from the overtime pay requirements of California law.

**NINETEENTH AFFIRMATIVE DEFENSE**

Conduct Reasonable And In Good Faith/Not Willful

Assuming, arguendo, that Plaintiffs, and the putative members of the purported class and sub-class defined in the Complaint, or some of them, are/were employees within the meaning of California law, which FedEx Ground specifically denies, Plaintiffs' causes of action, and the causes of action of each putative member of the purported class and sub-class defined in the Complaint, or some of them, are barred, in whole or in part, on the ground that FedEx Ground acted in good faith, and in conformity with, and in reliance on, written administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of federal and/or California agencies, and on the basis of a good-faith and reasonable belief that it had complied fully with California law.

**TWENTIETH AFFIRMATIVE DEFENSE**

Truth

If FedEx Ground bears the burden of proving the truth of any of the representations alleged to have been made to Plaintiffs and the putative members of the purported class and sub-class defined in the Complaint, which burden FedEx Ground specifically denies that it has, any and all such representations were true.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

No Jury Trial

Plaintiffs, on behalf of themselves and the putative members of the purported class and sub-class set forth in the Complaint, are not entitled to have equitable issues or

matters of law tried to a jury, and Plaintiffs' demand for a jury trial (if any) should be so limited.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Setoff and Recoupment

If any damages have been sustained by Plaintiffs, or by any putative member of the purported class and sub-class defined in the Complaint, although such is not admitted hereby or herein and is specifically denied, FedEx Ground is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiffs or putative class and/or sub-class members owed to FedEx Ground against any judgment that may be entered against FedEx Ground.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

No Punitive Damages

Plaintiffs' causes of action, and each of them, brought on behalf of themselves and the putative members of the purported class and sub-class defined in the Complaint, fail to state facts sufficient to constitute a claim for punitive damages.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Abatement/Abstention

The Court should abate and/or abstain from adjudicating, in whole or in part, some or all of Plaintiffs' causes of action, as well as some or all of the causes of action of any or all putative members of any purported class and sub-class defined in the Complaint, because other actions were filed against FedEx Ground before the filing of Plaintiffs' Complaint and said actions involve one or more of the same or similar claims as Plaintiffs' Complaint on behalf of some of the same individuals. The previously-filed actions include *Horo Dasim v. FedEx Ground*, and *Anthony Estrada, et al. v. FedEx Ground*, both of which are pending in the Superior Court of the State of California for the County of Los Angeles, and *Jesse Padilla v. FedEx Home Delivery; FedEx Ground*, which is pending in the United States District Court for the Central District of California.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Failure to Exhaust Pre-Suit Administrative Requirements

To the extent Plaintiffs, or any of them, seek to pursue claims for penalties under the California Labor Code Private Attorneys General Act (see Complaint ¶ 5), on behalf of themselves and/or the putative members of the purported class and sub-class defined in the Complaint, any and all such claims are barred because the Complaint fails to allege that Plaintiffs, and each of them, have exhausted the pre-suit administrative requirements for such claims under California Labor Code Section 2699 as amended by Senate Bill 1809.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Unjust, Arbitrary, and Oppressive or Confiscatory Penalties

To the extent Plaintiffs, or any of them, seek to pursue claims for penalties under the California Labor Code Private Attorneys General Act (see Complaint ¶ 5), on behalf of themselves and/or the putative members of the purported class and sub-class defined in the Complaint, neither Plaintiff, nor any putative member of the purported class and sub-class defined in the Complaint, is entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory, within the meaning of California Labor Code Section 2699 as amended by Senate Bill 1809.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Arbitration

Plaintiffs' causes of action, and the causes of action of each putative member of the purported class and sub-class defined in the Complaint, or some of them, may not be litigated in court because some or all of said individuals' causes of action are subject to individual mandatory, final, and binding arbitration.

///

///

///

WHEREFORE, FedEx Ground prays for judgment as follows:

(1) That the Complaint and each cause of action therein be dismissed with prejudice;

(2) That Plaintiffs take nothing by way of the Complaint;

(3) That FedEx Ground be awarded its costs incurred herein, including attorneys' fees; and

(4) That the Court order such other and further relief for FedEx Ground as the Court may deem just and proper.

Dated: December 30, 2004.

O'MELVENY & MYERS LLP
CHRIS A. HOLLINGER
EVELYN L. BECKER
NICOLE MARMON

By: Chris Hollinger
Chris A. Hollinger
Attorneys for Defendant
FedEx Ground Package System, Inc. and
FedEx Ground Package System, Inc. dba
FedEx Home Delivery

SF1:570904.3

**PROOF OF SERVICE BY MAIL**

I am over the age of eighteen years and not a party to the within action. I am employed in the county where the service described below occurred. My business address is Embarcadero Center West, 275 Battery Street, 26th Floor, San Francisco, California 94111-3305. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service. On December 30, 2004 I served the following:

ANSWER OF DEFENDANTS FEDEX GROUND PACKAGE SYSTEM, INC. AND FEDEX GROUND PACKAGE SYSTEM, INC. DBA FEDEX HOME DELIVERY TO PLAINTIFFS' UNVERIFIED COMPLAINT

by putting a true and correct copy thereof in a sealed envelope, with postage fully prepaid, and placing the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

Lynn Rossman Faris, Esq.
Beth A. Ross, Esq.
LEONDARD CADER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612

Executed on December 30, 2004, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Victoria L. Hall

DOMAIN CASE SUMMARY

Rundate:12/21/2004

Case Number RG04185578

Case Title Alexander VS Fedex Ground Package System, Inc.

Type General Civil — Status Pending

Filing Date 11/17/2004 — Stage Filed

Location Rene C. Davidson Alameda County Courthouse

Jurisdiction Unlimited

| Matter Filed Date | Matter Title | | Matter Status | Disposition Type / Date |
|---|---|---|---|---|
| 11/17/2004 | Complaint - Other Employment | | Pending | |
| Plaintiff | - | Allan Ross | | |
| Plaintiff | - | Bernard Mendoza | | |
| Plaintiff | - | Dean Alexander | | |
| Plaintiff | - | Ely Ines | | |
| Plaintiff | - | Jarrett Henderson | | |
| Plaintiff | - | Jesse Padilla | | |
| Plaintiff | - | Joey Rodriquez | | |
| Plaintiff | - | Jorge Isla | | |
| Plaintiff | - | Paul Infantino | | |
| Plaintiff | - | Suzane Andrade | | |
| Defendant | Named | Fedex Ground Package System, Inc | | |
| Defendant | POSFiled | Fedex Ground Package System, Inc. | | |

| RofADate | RofA Text |
|---|---|
| 11/17/2004 | Complaint - Other Employment Filed |
| 11/17/2004 | Civil Case Cover Sheet Filed for Dean Alexander |
| 11/17/2004 | Complex Designation Requested |
| 11/17/2004 | Summons on Complaint Issued |
| 11/30/2004 | Summons on Complaint Issued |
| 12/02/2004 | Complex Determination Hearing 01/07/2005 02:00 PM D- 22 |
| 12/02/2004 | Case Management Conference 02/07/2005 01:30 PM D- 22 |
| 12/09/2004 | Rejection Letter Issued on Proof of Service on Complaint |
| 12/10/2004 | Proof of Service on Complaint As to Fedex Ground Package System, Inc. Filed |
| 12/16/2004 | Proof of Service by Mail Filed |

EXHIBIT C







CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Lynn Rossman Faris (SBN 096029)
LEONARD CARDER, LLP, 1330 Broadway, Suite 1450, Oakland, CA 94612
TELEPHONE NO.: (510) 272-0169 FAX NO.: (510) 272-0174
ATTORNEY FOR (Name): Plaintiffs

FOR COURT USE ONLY
FILED
ALAMEDA COUNTY
04 NOV 17 AM 11:45
CLERK OF THE SUPERIOR COURT
BY [signature] DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS:
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

CASE NAME:
Dean Alexander, et al. v. FedEx Ground Package System, Inc.

## CIVIL CASE COVER SHEET

[X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 1811)

CASE NUMBER: RG04185578
JUDGE:
DEPT.:

*All five (5) items below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental /Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [X] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. [X] Substantial post-judgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: 10
5. This case [X] is [ ] is not a class action suit.

RECEIVED
NOV 15 2004
ADMIN. SVCS.

Date: 11/12/04

LYNN ROSSMAN FARIS
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

LEONARD CARDER, LLP
Attn: FARIS ESQ, LYNN ROSSMAN
1330 BROADWAY
SUITE 1450
OAKLAND, CA 94612

Fedex Ground Package System, Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Alexander<br>Plaintiff/Petitioner(s)<br>VS.<br>Fedex Ground Package System, Inc.<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG04185578<br><br>NOTICE OF HEARING |
|---|---|

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 01/07/2005 TIME: 02:00 PM DEPARTMENT: 22
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Case Management Conference:
DATE: 02/07/2005 TIME: 01:30 PM DEPARTMENT: 22
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 1800 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 22 operates a tentative ruling voice mail system at (510) 271-5106 after 5:00 p.m. two court days preceding the hearing date. Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 22.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 22 at (510) 272-6157.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 527-7327, or faxing a service request form to (800) 833-5133. This service is subject to charges by the vendor.

Dated: 12/02/2004

Executive Officer / Clerk of the Superior Court

By

Deputy Clerk

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/02/2004.

By

Deputy Clerk

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse
Civil Division
1225 Fallon Street
Oakland, CA 94612

To: LEONARD CARDER, LLP
Attn: FARIS ESQ, LYNN ROSSMAN
1330 BROADWAY
SUITE 1450
OAKLAND, CA 94612

Date: 12/09/2004

Re: No. RG04185578 - Alexander VS. Fedex Ground Package System, Inc.

Your request to file Proof of Service on Complaint has been rejected for the following reason:

Original not filed. CCP 417.10, CCP 417.30)

Executive Officer / Clerk of the Superior Court

By [signature] Digital

Deputy Clerk

*3445815*

FILED
ALAMEDA COUNTY
04 DEC 16 PM 12:25

LYNN ROSSMAN FARIS, ESQ. (State Bar No. 96029)
BETH A. ROSS, ESQ. (State Bar No. 141337)
LEONARD CARDER, LLP
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Tel: (415) 771-6400
Fax: (415) 771-7010

ATTORNEYS FOR PLAINTIFFS

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TELEPHONE: (415) 771-6400 FAX (415) 771-7010

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

ALEXANDER, et al.,

Plaintiffs,

vs.

FEDEX GROUND PACKAGE SYSTEM, INC., et al.

Defendants.

**Case No. RG04185578**

PROOF OF SERVICE OF NOTICE OF HEARING

The undersigned declares under penalty of perjury that the following is true and correct. Declarant is employed in the City and County of San Francisco, State of California. Declarant is over the age of eighteen years and is not a party to the within action. Declarant's business address is 1188 Franklin Street, Suite 201, San Francisco, California 94109. On December 9, 2004, declarant served the within NOTICE OF HEARING FROM THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA DATED DECEMBER



RECEIVED
DEC 10 2004
ADMIN. SVCS.

144

2, 2004 scheduling dates for the COMPLEX DETERMINATION HEARING AND CASE MANAGEMENT CONFERENCE on the undernoted by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in a United States Post Office mail box at San Francisco, addressed as follows:

CT CORPORATION SYSTEM
818 WEST SEVENTH STREET
LOS ANGELES, CA 90017

JAMES M. NELSON, ESQ
SEYFARTH SHAW
400 CAPITOL MALL, SUITE 2350
SACRAMENTO, CA 95814-4686

Executed at San Francisco, California on December 9, 2004.

Mathilda Mendonca
Mathilda Mendonca

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TELEPHONE: (415) 771-6400 FAX (415) 771-7010



144

LEONARD CARDER, LLP
Attn: FARIS ESQ, LYNN ROSSMAN
1330 BROADWAY
SUITE 1450
OAKLAND, CA 94612

Fedex Ground Package System, Inc.

# Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Alexander Plaintiff/Petitioner(s) vs. Fedex Ground Package System, Inc. Defendant/Respondent(s) (Abbreviated Title) | No. RG04185578 NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 01/07/2005 TIME: 02:00 PM DEPARTMENT: 22
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Case Management Conference:
DATE: 02/07/2005 TIME: 01:30 PM DEPARTMENT: 22
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 1800 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 22 operates a tentative ruling voice mail system at (510) 271-5106 after 5:00 p.m. two court days preceding the hearing date. Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 22.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 22 at (510) 272-6157.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 527-7327, or faxing a service request form to (800) 833-5133. This service is subject to charges by the vendor.

Dated: 12/02/2004

Executive Officer / Clerk of the Superior Court

By [signature]

Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/02/2004.

By [signature]

Deputy Clerk

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in San Francisco County, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is Embarcadero Center West, 275 Battery Street, San Francisco, California 94111-3305. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service. On January 3, 2005 I served the following:

NOTICE OF REMOVAL OF DEFENDANTS FEDEX GROUND PACKAGE SYSTEM, INC., AND FEDEX GROUND PACKAGE SYSTEM, INC. DBA FEDEX HOME DELIVERY

by putting a true and correct copy thereof in a sealed envelope, with postage fully prepaid, and placing the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

Lynn Rossman Faris, Esq.
Beth A. Ross, Esq.
LEONDARD CADER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612

Executed on January 3, 2005, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Victoria L. Hall