## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

Stephen R. Ludwig, Clerk

August 30, 2005

www.innd.uscourts.gov

RECEIVED

SEP 1 2 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Richard W. Wieking, Clerk
Phillip Burton United States Courthouse
16th Floor
450 Golden Gate Avenue
San Francisco, CA 94102-3434

Re:   MDL-1700 - In re FedEx Ground Package System, Inc., Employment Practices Litigation
      (No II)
      Case: Alexander v. FedEx Ground Package System Inc.
      Northern District of California 3:05cv38

Dear Mr. Wieking:

Pursuant to Judicial Panel transfer order dated August 10, 2005, the above file is being transferred to the Northern District of Indiana. It instructs that the case listed above be transferred to our district pursuant to Title 28 USC §1407, as soon as possible

This matter has been assigned to Master Docket **3:05md527** and your new Cause No. **3:05 cv 528**, assigned to Chief Judge Robert L. Miller, Jr for coordinated or consolidated pretrial proceedings. Please refer to these cause numbers on all correspondence sent to the South Bend Division at the address listed below.  Include a copy of this letter, a certified copy of the docket sheet with your original record when transferring same to this office.

Sincerely,

STEPHEN R. LUDWIG, CLERK

By: /s/Stephanie Fikes
    Deputy Clerk

Date Rec'd: _____

Reply to Office

1108 E. Ross Adair Federal Bldg. • 1300 S. Harrison Street • Fort Wayne, Indiana 46802 • (260) 423-3000 • Fax (260) 423-3007
5400 Federal Plaza • Suite 2300 • Hammond, Indiana 46320 • (219) 852-6500 • Fax (219) 852-6509
102 Robert A. Grant Federal Bldg. • 204 South Main Street • South Bend, Indiana 46601 • (574) 246-8000 • Fax (574) 246-8002
214 Charles Halleck Federal Bldg. • 230 North Fourth Street • P.O. Box 1498 • Lafayette, Indiana 47902 • (765) 420-6250 • Fax (765) 420-6273

A CERTIFIED TRUE COPY

AUG 10 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1700*

C 05-0039 MHP

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 10 2005

FILED
CLERK'S OFFICE

FILED
SEP 1 2 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION (NO. II)*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation currently consists of two actions in the District of New Jersey and thirteen actions pending, respectively, in the Northern District of California, Northern District of Illinois, District of Kansas, District of Massachusetts, Eastern District of Michigan, District of Minnesota, District of New Hampshire, Eastern District of New York, Southern District of New York, District of South Dakota, Western District of Texas, Eastern District of Virginia, and Western District of Washington as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendant FedEx Ground Package System, Inc. (FedEx Ground) for coordinated or consolidated pretrial proceedings of these actions in the Western District of Pennsylvania. Defendants FedEx Corporation and Federal Express Corporation support the motion. Plaintiffs in thirteen actions before the Panel oppose the motion. If the Panel orders 1407 transfer over their objections, then plaintiffs in twelve actions suggest the Northern District of California or the Eastern District of New York as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that these fifteen actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Indiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions, at some level, share factual questions arising from the classification of certain package delivery drivers as independent contractors rather than employees. The Panel previously denied a motion for transfer under Section 1407 brought by FedEx Ground, which

---

[*] Judge Motz took no part in the decision of this matter.

[1] In addition to the fifteen actions before the Panel, FedEx Ground has identified ten related actions pending, respectively, in the Northern District of Indiana, District of Massachusetts, Northern District of Mississippi, District of New Jersey, District of Oregon, Eastern District of Pennsylvania, Western District of Pennsylvania, District of Rhode Island, Western District of Tennessee, and Eastern District of Wisconsin. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

encompassed seven actions. *See In re FedEx Ground Package System, Inc., Employment Practices Litigation*, 366 F.Supp.2d 1381 (J.P.M.L. 2005). In the intervening months, however, the litigation has grown considerably. Indeed, the number of pending actions has nearly quadrupled, which underscores the need for economies of scale that centralized pretrial management of these actions will provide. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs oppose Section 1407 centralization in part because most of the actions are brought on behalf of putative statewide classes under varying state laws; however, the presence of additional or differing legal theories is outweighed when the underlying actions still arise from a common factual core, as the actions here do. Distinctions among the actions may be such that certain actions, which have been pending for some time, or claims therein, such as those for discrimination, can be ready for remand in advance of other claims or actions, after further refinement of the issues and close scrutiny by the transferee judge. But we are unwilling, on the basis of the record before us, to make a determination at this time that the degree of interconnection between the discrimination claims and the other claims against FedEx Ground is so small as to warrant exclusion of the claims from Section 1407 proceedings from the outset. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. In the meantime, transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has already occurred in other actions. Discovery with respect to any case-specific issues can proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). Section 1407 centralization will thus enable pretrial proceedings to be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

Given the geographic dispersal of pending actions, as well as the nationwide business of FedEx Ground, no particular district or region emerges as the focal point for this litigation. In concluding that the Northern District of Indiana is an appropriate forum for this docket, we observe that centralization in this district permits the Panel to effect the Section 1407 assignment to a transferee district that is not currently assigned to other multidistrict litigation dockets and to a transferee judge who can steer this litigation on a steady and expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are transferred to the Northern District of Indiana and, with the consent of that court, assigned to the Honorable Robert L. Miller, Jr., for coordinated or consolidated pretrial proceedings.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA**
I Certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____
Deputy Clerk
Date: 9/9/05

FOR THE PANEL:

/s/ Wm. Terrell Hodges
_____
Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1700 -- In re FedEx Ground Package System, Inc., Employment Practices Litigation (No. II)

### Northern District of California

*Dean Alexander, et al. v. FedEx Ground Package System, Inc., et al.*, C.A. No. 3:05-38

### Northern District of Illinois

*Michael Griffin, et al. v. FedEx Corp., et al.*, C.A. No. 1:05-2326

### District of Kansas

*Carlene M. Craig, et al. v. FedEx Ground Package System, Inc.*, C.A. No. 5:03-4197

### District of Massachusetts

*Edward Sheehan, et al. v. FedEx Corp., et al.*, C.A. No. 1:05-10936

### Eastern District of Michigan

*James Lester, et al. v. Federal Express Corp., et al.*, C.A. No. 1:04-10055

### District of Minnesota

*Katrina Lee, et al. v. FedEx Corp., et al.*, C.A. No. 0:05-814

### District of New Hampshire

*Robert Gennell, Jr., et al. v. FedEx Corp., et al.*, C.A. No. 1:05-145

### District of New Jersey

*Jessie Capers, et al. v. FedEx Ground, et al.*, C.A. No. 2:02-5352
*Michael B. Kilmartin v. Federal Express, Inc., et al.*, C.A. No. 3:05-2028

### Eastern District of New York

*Curtis Johnson, et al. v. FedEx Home Delivery, et al.*, C.A. No. 1:04-4935

- A2 -

### Southern District of New York

Larry Louzau, et al. v. FedEx Ground Package System, Inc., C.A. No. 1:04-9795

### District of South Dakota

Kimberly A. Bunger, et al. v. FedEx Ground Package System, Inc., et al., C.A. No. 4:05-4056

### Western District of Texas

John Humphreys, et al. v. Federal Express Corp., et al., C.A. No. 1:05-155

### Eastern District of Virginia

Bradley D. Gregory v. FedEx Corp., et al., C.A. No. 2:03-479

### Western District of Washington

Randy Anfinson, et al. v. FedEx Ground Package System, Inc., et al., C.A. No. 2:05-119