UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FEDEX GROUND PACKAGE SYSTEM, INC.,
EMPLOYMENT PRACTICES LITIGATION (NO. II)     MDL No. 1700

REMAND ORDER

**Before the Panel**:[*] Pursuant to Panel Rule 10.2, defendant FedEx Ground Package System, Inc. (FedEx Ground) moves to vacate, in part, our order that conditionally remanded the twelve actions listed on Schedule A to their respective transferor courts. Specifically, FedEx Ground moves the Panel to separate the claims resolved by the transferee court on summary judgment from the remaining claims and remand only the latter claims. Plaintiffs in the actions oppose the motion.

The current dispute has arisen as the transferee judge, Robert L. Miller, Jr., of the Northern District of Indiana, has completed his work on these MDL proceedings. In some of the cases, Judge Miller granted summary judgment to FedEx Ground on all claims. In the twelve cases at issue here, he granted summary judgment on some claims, but not others. Plaintiffs in the former group have already taken their appeals to the U.S. Court of Appeals for the Seventh Circuit. In the latter group of twelve cases, Judge Miller denied defendant's request for entry of partial judgment under Fed. R. Civ. P. 54(b) and then entered a suggestion that the Panel remand the remaining twelve cases in their entirety. These two rulings have raised some interesting questions.

FedEx Ground argues that under *In re Food Lion, Inc., Fair Labor Standards Act "Effective Scheduling Lit.,"* 73 F.3d 528 (4th Cir. 1996), these cases should be bifurcated, leaving the claims that the transferee court resolved on summary judgment for appeal to the Seventh Circuit, and remanding only the remaining claims to the respective transferor courts for final resolution. Indeed, the Fourth Circuit did hold that the "overriding purpose of the multidistrict procedure dictates that [the claims decided on summary judgment by the transferee court] be decided in the same appellate forum." *Id*. at 532. Plaintiffs argue that it is fairer and more efficient to keep each case intact to allow for combined appeals of all issues at the conclusion of each case. The evident merit in both views highlights an interesting intersection between Rule 54(b) and Section 1407.

No doubt, one can make strong arguments for either a preference for consistent appeals from a transferee court ruling or a preference that related claims in the same case be taken in the same appeal. However, the Panel's role does not extend to reviewing the legal correctness of Judge Miller's Rule 54(b) decision. Instead, the Panel's role is to decide whether Judge Miller's suggestion of remand is appropriate. In doing so, we consistently have placed great weight on the transferee court's remand recommendation. *See In re Columbia/HCA Healthcare Corp. Qui Tam Litig. (No.*

---

[*] Judge Barbara S. Jones and Judge Paul J. Barbadoro took no part in the decision of this matter.

- 2 -

*II),* 560 F.Supp.2d 1349, 1350 (J.P.M.L. 2008) (citing *In re Holiday Magic Sec. & Antitrust Litig.,* 433 F.Supp. 1125, 1126 (J.P.M.L. 1977)).

There are sound reasons why this deference has proven so essential and successful over the many years of our experience; in most instances the transferee judge has an acute sense about the procedural steps necessary to advance the litigation in the fairest and most efficient way. Here, when Judge Miller suggested remand of these actions, he was in the best position to consider the relative efficiencies of bifurcating the claims as well. Certainly, he considered FedEx Ground's views and all relevant factors in denying its related Rule 54(b) motion.

FedEx Ground has not persuaded us that remand of these cases in their entirety is misplaced. The transferor judges in the various courts are well prepared to resolve the remaining individual issues in these cases and to preside over any eventual trials.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are remanded to their respective transferor courts as set out in Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil    W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.

**IN RE: FEDEX GROUND PACKAGE SYSTEM, INC.,
EMPLOYMENT PRACTICES LITIGATION (NO. II)**  MDL No. 1700

## SCHEDULE A

Northern District of Indiana

Bruce Edwin Gentle, et al. v. FedEx Ground Package System, Inc., et al.,
 C.A. No. 3:07-00191 (N.D. Alabama, C.A. No. 5:07-00392)
David Harris v. FedEx Ground Package System, Inc., C.A. No. 3:06-00209
 (E.D. Arkansas, C.A. No. 4:06-00175)
Ricardo Huerta v. FedEx Ground, et al., C.A. No. 3:08-00052
 (C.D. California, C.A. No. 2:07-08123)
Dean Alexander, et al. v. FedEx Ground Package System, Inc., et al.,
 C.A. No. 3:05-00528 (N.D. California, C.A. No. 3:05-00038)
Jeremiah Pedrazzi v. FedEx Corp., et al., C.A. No. 3:06-00429
 (N.D. California, C.A. No. 5:06-02393)
Donald E. Carlson, et al. v. FedEx Ground Package Systems, Inc., C.A. No. 3:05-00664
 (M.D. Florida, C.A. No. 8:05-01380)
Scott Ward, et al. v. FedEx Ground Package System, Inc., C.A. No. 3:09-00356
 (S.D. Florida, C.A. No. 9:09-80729)
Charlie Bertram, et al. v. Federal Express Corp., et al., C.A. No. 3:05-00666
 (W.D. Kentucky, C.A. No. 3:05-00522)
Robert Gennell, Jr., et al. v. FedEx Corp., et al., C.A. No. 3:05-00534
 (D. New Hampshire, C.A. No. 1:05-00145)
Walter Wallace v. FedEx Ground Package System, Inc., et al., C.A. No. 3:06-00801
 (N.D. Ohio, C.A. No. 1:06-01632)
Edward Slayman v. FedEx Ground Package System, Inc., C.A. No. 3:05-00596
 (D. Oregon, C.A. No. 3:05-01127)
Jon Leighter, et al. v. FedEx Ground Package System, Inc., C.A. No. 3:07-00328
 (D. Oregon, C.A. No. 3: 07-00818)