BETH A. ROSS (SBN 141337)
bross@leonardcarder.com
AARON KAUFMANN (SBN 148580)
akaufmann@leonardcarder.com
DAVID P. POGREL (SBN 203787)
dpogrel@leonardcarder.com
ELIZABETH R. GROPMAN (SBN 294156)
egropman@leonardcarder.com
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, California 94612
Tel: (510) 272-0169
Fax: (510) 272-0174
*Attorneys for Plaintiffs and Plaintiff Class*

CAROLYN KUBOTA (SBN 113660)
ckubota@omm.com
SCOTT VOELZ (SBN 181415)
svoelz@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
Tel: (213) 430-6000
Fax: (213) 430-6407
Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN ALEXANDER, et. al., <br><br> Plaintiffs, <br><br> vs. <br><br> FEDEX GROUND PACKAGE SYSTEM, INC. et. al., <br><br> Defendant. | Case No. *3:05-cv-38 EMC* <br><br> **JOINT SUBMISSION REGARDING PLAINTIFFS' PENDING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> **Date: September 3, 2015** <br> **Time: 1:30 PM** <br> **Dept.: Courtroom 5** |

The parties, by and through the undersigned counsel, hereby submit their joint statement addressing the issues raised by the Court at the August 6, 2015 Preliminary Approval Hearing pertaining to the release of claims asserted in the Third Amended Complaint for alleged violations of California's meal and rest break statute (Labor Code Section 226.7).  The Court asked the parties to brief whether these claims, which were not certified for class treatment, could be properly released, particularly in light of the settlement reached for the Named Plaintiffs to resolve their individual meal and rest period claims which have been asserted and litigated.[1]

The parties have conducted exhaustive legal research regarding whether the settlement reached on June 2, 2015 and presented to the Court for approval at the August 6 hearing is fair, adequate, and entitled to preliminary approval by the Court.  They have concluded that a good faith legal basis exists for the Court to do so.  *See, e.g. Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287-88 (9th Cir. 1992) (noting that the "weight of authority holds that a federal court may release not only those claims alleged in the complaint but also a claim 'based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action.'") *citing TBK Partners, Ltd. v. Western Union Corp.,* 675 F.2d 456, 460 (2d Cir. 1982).

However, because the procedural posture of this case is unique, and because the parties could not find any directly on-point authority, they elected instead to re-negotiate the settlement terms to address the concerns raised by the Court.  Under the terms of the renegotiated settlement, which the parties are in the process of finalizing, Plaintiffs will seek certification of a settlement subclass comprised of members of the certified class who Plaintiffs contend currently possess meal and rest break claims against Defendant (the "Meal and Rest Settlement Subclass").[2]  Under

---

[1] As discussed in a previous filing and again during the August 6 hearing, Plaintiffs made a strategic decision in 2007 not to seek certification of this claim because the trend in the law, in that time frame, was not to certify these types of claims for class adjudication.  *See* Doc. 126 at 9-11 and Doc. 133.  In 2012 – while the appeal was pending in this case - the California Supreme Court handed down its opinion in *Brinker Restaurant Corp. v. Superior Court (Hohnbaum),* 53 Cal. 4th 1004 (2012) clarifying the legal standards for certifying meal and rest period class.

[2] The longest statute of limitations for wage and hour claims premised on alleged violations of the California Labor Code is the four year statute governing claims asserted under California Business and Professions Code Section 17200 *et. seq.* set forth in Section 17208.  The subclass is therefore comprised

the revised agreement, settlement funds will be allocated to members of the Meal and Rest Break Settlement Subclass, compensating this subset of plaintiffs at the same rate[3] as the individual meal and rest break settlement negotiated for the Named Plaintiffs. The parties have reached an agreement in principal to do so, and are in the process of drafting and obtaining signatures on the necessary documents. These documents include, among other things, a Fourth Amended Complaint that asserts a meal and rest break claim for the proposed Subclass. Plaintiffs' counsel have represented that the claim will be asserted by an additional plaintiff who is a member of the Subclass, meets all the requirements of Rule 23, and, for those reasons, can and will adequately represent the interests of the Meal and Rest Settlement Subclass. The parties expect to file a stipulation and proposed order for the filing of the Fourth Amended Complaint prior to the submission of a revised Motion for Preliminary Approval on September 15, 2015.

The Meal and Rest Break Settlement Subclass will be defined to include members of the *Alexander* class who continued to personally drive their FedEx route(s) between August 1, 2011 and August 31, 2015, and the release of those claims will be limited to the same time period.[4] Members of the Meal and Rest Break Settlement Subclass who have previously received notice of the action and been provided the opportunity to exclude themselves from the case will be provided with notice and the opportunity to opt-out of the meal and rest break portion of the settlement only. (Of the approximately 76 class members who have not previously received notice of the action, and who will have the opportunity to exclude themselves from the case entirely, approximately 30 are also potentially members of the Meal and Rest Break Settlement Subclass). The settlement terms for the Meal and Rest Break Settlement Subclass, if approved by

---

of Class Members who have continued to personally drive a route during the last four years – i.e. between August 1, 2011 and the present. The statute of limitations has expired as to un-asserted meal and rest break claims possessed by other class members for alleged violations of Labor Code Section 226.7 that accrued at any earlier time. No such claims were ever filed.

[3] After deductions for attorney's fees and costs, should the Court grant final approval of all of the terms of the Settlement Agreement.

[4] Given the delay in preliminary approval, the parties have also agreed to close the Recovery Period and Release Period on August 31, 2015 for the General Class, Overtime Subclass, and Meal and Rest Settlement Subclass.

-2-
JOINT SUBMISSION OF PARTIES RE: PRELIM. APPROVAL     Case No. *3:05-CV-38 EMC*

the Court, will result in settlement payments to meal and rest break subclass members computed according to the identical valuation assumptions and settlement discounts as the terms previously negotiated for the individual Named Plaintiffs. The individual plaintiffs will receive no more and no less on a percentage basis for the release of their meal and rest break claims than will the members of the subclass. The parties have met and conferred and propose the following schedule:

1) On or before September 15, 2015 – Parties to file Stipulation an Order for Leave to File Fourth Amended Complaint;

2) On or before September 15, 2015 – Plaintiffs to file Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Subclass;

3) October 8, 2015 – Preliminary Approval / Class Certification Hearing.

The parties further request permission to appear telephonically for the hearing scheduled for September 3, 2015 to discuss this Joint Submission with the Court.

Dated: August 20, 2015          Respectfully submitted,

**LEONARD CARDER, LLP**

By: /s/ Beth A. Ross
    Beth A. Ross
    *Attorneys for Plaintiffs and Plaintiff Class*

Dated: August 20, 2015          **O'MELVENY & MYERS LLP**

By: /s/ Scott Voelz
    Carolyn Kubota
    Scott Voelz
    *Attorneys for Defendant FedEx Ground Package System, Inc.*

## **ATTESTATION OF FILING**

Pursuant to Local Civil Rule 5-1(i)(3), I, Beth A. Ross, hereby attest that concurrence in the filing of this Stipulation has been obtained from each of the other signatories listed above.

Dated: August 20, 2015      **LEONARD CARDER LLP**

By:  /s/ Beth A. Ross
    Beth A. Ross
    *Attorneys for Plaintiffs and Plaintiff Class*

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

-4-
JOINT SUBMISSION OF PARTIES RE: PRELIM. APPROVAL     Case No. *3:05-CV-38 EMC*