BETH A. ROSS (SBN 141337)
bross@leonardcarder.com
AARON D. KAUFMANN (SBN 148580)
akaufmann@leonardcarder.com
DAVID P. POGREL (SBN 203787)
dpogrel@leonardcarder.com
ELIZABETH R. GROPMAN (SBN 294156)
egropman@leonardcarder.com
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, California 94612
Tel: (510) 272-0169
Fax: (510) 272-0174

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN ALEXANDER, *et. al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC. et. al.,<br><br>Defendant. | Case No: *3:05-cv-38 EMC*<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND SUPPLEMENTAL CLASS NOTICE** |

On August 24, 2015, this Court ordered supplemental briefing regarding the parties' August 20, 2015 joint submission. Doc. No. 136. Specifically, this Court asked "why the meal-and-rest-break claims prior to August 2011 are time barred," in light of *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). *Id*.

Plaintiffs asserted meal-and-rest-break claims on behalf of themselves and a class in the original complaint in *Alexander v. FedEx Ground Package System*, *Inc.,* filed on November 17, 2004. *See* Doc. No. 1, Ex. A. In November 2005, *Alexander* was transferred to a multidistrict litigation ("MDL") docket and the case was consolidated with over two dozen other cases for pretrial proceedings. *See In re FedEx Ground Package Sys. Inc. Empl. Practices Litig.* (No. II), 381 F. Supp. 2d 1380 (J.P.M.L. 2005). Eventually, the MDL docket expanded to include approximately 60 cases, including 42 state-wide class action cases filed in more than 3 dozen states.

Pursuant to the MDL court's scheduling orders,[1] the parties conducted class certification and merits discovery simultaneously. Thereafter, they moved immediately to intensive motion practice, starting with class certification motions. On March 12, 2007, the MDL plaintiffs filed ten motions for class certification, including in the *Alexander* case. The *Alexander* motion asked the court to certify:

> [A] state-wide class action as to Plaintiffs Second, Fifth, Sixth, Eighth, Ninth and Tenth Causes of Action for damages, rescission, restitution, declaratory and injunctive relief arising under California Labor Code Sections 201, 221, 223, 224, 450, 2699 and 2802, California Business and Professions Code Sections 17200 and 17203, and the Federal Declaratory Judgment Act, 28 U.S.C. §2201 and the California Declaratory Judgment Act, California Civil Code Section 1060[.]

---

[1] The MDL court's briefing deadline was strict and required plaintiffs to move for class certification in the 42 cases in four "waves;" *Alexander* was in the first of the four waves. *See* Supplemental Scheduling Order, MDL Doc. No. 58 (Nov. 29, 2005); Order, MDL Doc. No. 261 (May 26, 2006); Order, MDL Doc. 482 (Jan. 23, 2007).

1  MDL Doc. 547, ¶ 2.[2]  Plaintiffs chose not to seek certification of two causes of action that were pleaded as class claims in the initial pleadings, including the fourth cause of action (for meal and rest breaks) and the seventh cause of action (for fraud).[3] *Id*.

On March 25, 2008 the MDL court issued a comprehensive class certification Opinion and Order addressing the 42 motions. In it, the MDL Court certified the *Alexander* Plaintiffs' class as to the California Labor Code claims as well as an overtime subclass. MDL Doc. No. 1119, pp. 61-66. In April 2008, just after the class certification ruling issued, the parties moved to the merits. Cross-motions for summary judgment on the issue of employment status were also filed in four waves and were filed in nearly all of the constituent cases. The *Alexander* motions were included in the first wave and were filed on or about April 25, 2008. No further motions on class certification were permissible under the scheduling order, except in cases that were newly brought into the MDL docket after that time, and no new motions were filed.

Under the class action tolling rule announced by the Supreme Court in *American Pipe* and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), the absent class members' meal-and-rest-break claim statute of limitations was tolled when the original complaint asserting this class on a class-wide basis was filed on November 14, 2004. Subsequent cases applying the *American Pipe* class action tolling doctrine, discussed *infra*, support that tolling as to the claims ceased when Plaintiffs filed their motion for class certification on March 12, 2007 or, at the latest, when class certification was finally decided by the MDL court on March 25, 2008.

*American Pipe* held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. at 554. The doctrine is consistent with purposes served by of statues of limitations: to "put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights." *Crown, Cork*, 462 U.S. at 352. The statute of limitations is tolled "until class certification is denied." *Id.* at 354. While a potential

---

[2] Plaintiffs also moved to certify "nationwide class for injunctive and declaratory relief under the Family Medical Leave Act, 29 U.S.C. §2617(a)(1)(b)" and a subclass for unpaid overtime compensation for "violations of California Labor Code Sections 510, 1194, and 201." MDL Doc. 547, ¶¶ a, c.

[3] Plaintiffs made a strategic decision not to seek class certification of the meal-and-rest-break claims. *See* Doc. No. 126, p. 10.

- 2 –
PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING PRELIMINARY APPROVAL
OF CLASS SETTLEMENT AND SUPPLEMENTAL CLASS NOTICE                    Case No. *3:05-cv-38 EMC*

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL.(510) 272-0169 FAX: (510) 272-0174

1 class claim is pending, the tolling doctrine serves the interests of judicial economy by
2 discouraging absent class members from filing duplicative actions to protect the statute of
3 limitations by permitting reliance "on the named plaintiffs to press their claims." *Id.* at 353. For
4 this reason, tolling therefore extends until the absent class members' reliance is no longer
5 reasonable. *Id*. at 354.

6 Tolling under *American Pipe* ends when a case or claim is conclusively no longer a class
7 action. *Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*, 642 F.3d 560, 562 (7th Cir. 2011).
8 As the Ninth Circuit has recognized, *Crown, Cork* "untethered" the tolling rule from the
9 "reasons" why a claim ceases to be a class action or a putative class action. *See Albano v. Shea*
10 *Homes Ltd. Partnership*, 634 F.3d 524, 532 (9th Cir. 2011) (*quoting Bridges v. Dept. of Maryland*
11 *State Police*, 441 F.3d 197, 210-211 (4th Cir. 2006)). In *Sawyer*, the Seventh Circuit has
12 explained:

> [I]t does not matter, under federal law, whether the first suit's status as a would-be class action ends by choice of the plaintiff (who may abandon the question to represent a class or, as [the prior plaintiff] did, bow out altogether) or by choice of the judge. . . . The rationale of *American Pipe* does not permit a distinction among situations in which the putative class representative gives up before, or after, the judge decides whether the case may proceed on behalf of a class. Tolling lasts from the day a class claim is asserted until the day the suit is conclusively not a class action – which may be because the judge rules adversely to the plaintiff, or because the plaintiff reads the handwriting on the wall and decides not to throw good money after bad.

19 642 F.3d at 562. Other courts have also ruled that *American Pipe* tolling ceases when a class
20 action is aborted, whether or not there has been a formal denial of a class certification motion.
21 *See Leyse v. Bank of America, Nat'l Assn.*, 538 Fed.Appx. 156, 161 (3rd Cir. 2013) (denial of
22 class certification "does not require a formal motion for class certification, or any district court
23 ruling on class certification"); *A&L Indus., Inc. v. P. Cipollini, Inc.*, No. 12-07598 (SRC), 2014
24 WL 3619880 (D. N.J. July 22, 2014) (tolling ends when plaintiff "abandons class certification in
25 a jurisdiction that has become hostile to class treatment of the plaintiff's very claim"); *In re New*
26 *Oriental Educ. & Technology Group Sec. Litig.*, 293 F.R.D. 483, 487 (S.D.N.Y. 2012) (when a
27 party "no longer asserts claims on behalf of a portion of the consolidated class, the statute of
28 limitations is no longer tolled under *American Pipe* for the 'abandoned' subclass").

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL.(510) 272-0169 FAX: (510) 272-0174

In *Bridges v. Department of Maryland*, the Fourth Circuit concluded that "[t]o avoid abuse and perpetual tolling, the *American Pipe* tolling rule must depend on district courts' fulfilling their obligations under Rule 23." 441 F.3d at 211; *see also Scott v. Dist. of Columbia*, -- F. Supp. 3d --, 2015 WL 1623847, at *4 (D. D.C. Apr. 9, 2015) (same). In *Bridges*, after the plaintiffs requested more discovery before filing their class certification reply brief, the court issued an administrative order denying class certification without prejudice and provided that the motion would automatically be renewed at the plaintiffs' discretion. *Bridges*, 441 F.3d at 203. The plaintiffs never renewed the motion. *Id.* Three years after the administrative order denying class certification, the plaintiffs sought leave to add former putative class members as parties to the complaint, alleging that their claims had been tolled since the filing of the case. *Id.* at 204. The court found that the new claims to be time barred because the administrative denial of class certification was the equivalent of a denial of class certification:

> If [the] administrative order was not the moment when the statute of limitations stopped tolling, then at *no moment* did it stop tolling, for there was no other order denying class certification. . . . Not only would [extending tolling] prejudice defendants by exposing them, potentially, to perpetual tolling, but it also demonstrates the patent unreasonability of relying on the class representative alone to pursue and protect the class members' interests after the court's [] order[.].

*Id.* at 212 (emphasis in original). Despite the fact that the plaintiffs retained the ability to revive the class certification motion, the administrative denial of class certification was "notice to objectively reasonable putative class members to seek clarification or to take action." *Id.* at 213.

Likewise, in *A & L Industries*, reasonable reliance ended when the original plaintiffs withdrew their motion for class certification in light of a recent decision evincing the jurisdiction's hostility toward class treatment of plaintiff's claim. 2014 WL 3619880, at *1. The subsequent plaintiff sought *American Pipe* tolling through the date of the prior case's dismissal, but the court found that tolling ceased on the date the original plaintiff withdrew the class certification motion. *Id.* at *3-4. The court held that, had the motion for certification been denied it would have undoubtedly ended tolling, and it "s[aw] no reason why a different result should obtain where a plaintiff . . . abandons class certification." *Id.* at *4.

Ending tolling when a class claim terminates, regardless of the reason for termination, serves *American Pipe's* goal of avoiding the inefficiencies of a multiplicity of lawsuits and filings while a class action is pending. *See American Pipe,* 414 U.S. at 550-51. As the Seventh Circuit in *Sawyer* noted:

> The Supreme Court decided *American Pipe* as it did in order to eliminate any need for members of the putative class to intervene in order to guard against an adverse outcome in the original case. 414 U.S. at 553-54, 94 S.Ct. 756. The Court's goal of enabling members of a putative class to rely on a pending action to protect their interest can be achieved only if the way in which the first suit ends – denial of class certification by the judge, abandonment by the plaintiff, or any other fashion – is irrelevant. Accord, *Robbin v. Fluor Corp.*, 835 F.2d 213 (9th Cir. 1987).

642 F.3d at 562.

Here, the MDL set a firm deadline for motions for class certification. Plaintiffs met that deadline, moving for class certification on March 12, 2007 – excluding class meal-and-rest-break claims – and class certification was granted on March 25, 2008. MDL Doc. Nos. 547; 1119, pp. 61-66. Under *Sawyer*, *Leyse*, and *A & L Industries*, absent class members could no longer reasonably rely on the class representatives to protect their interests after Plaintiffs made a strategic decision not to move for certification of a meal-and-rest-break class. And absent class members could no longer rely *on the court* to protect their interests after it issued its class certification order, thereby "reliev[ing] itself of its obligation to determine class certification 'at an early practicable time.'" *Bridges*, 441 F.3d at 212-213. A court could thus conclude that after class certification, the procedural posture of *Alexander* was no different than if class certification of the meal-and-rest period claims were denied: tolling on the statute of limitations for absent class members ceased and they were free to seek intervention in *Alexander* or file independent cases. *Crown, Cork*, 462 U.S. at 350.

Meal-and-rest-break claims have a four-year statute of limitations by operation of California Business and Professions Code, Section 17208. A court could therefore conclude, whether *American Pipe* tolling ceased when Plaintiffs "abandoned" the class meal-and-rest-break claim in their motion for class certification or when the MDL court issued its order on class certification, the claims expired in March 2012 at the latest.

Respectfully submitted,

**LEONARD CARDER, LLP**

Dated: August 28, 2015   By:   */s/ Beth A. Ross*
         Beth A. Ross
         Attorneys for Plaintiffs and Plaintiff Class

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

- 6 –
PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING PRELIMINARY APPROVAL
OF CLASS SETTLEMENT AND SUPPLEMENTAL CLASS NOTICE     Case No. *3:05-cv-38 EMC*