BETH A. ROSS (SBN 141337)
bross@leonardcarder.com
AARON D. KAUFMANN (SBN 148580)
akaufmann@leonardcarder.com
DAVID P. POGREL (SBN 203787)
dpogrel@leonardcarder.com
ELIZABETH R. GROPMAN (SBN 294156)
egropman@leonardcarder.com
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, California 94612
Tel: (510) 272-0169
Fax: (510) 272-0174

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN ALEXANDER, *et. al.*, on behalf of themselves and all others similarly situated,<br><br>                  Plaintiffs,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC. et. al.,<br><br>                  Defendant. | Case No: 3:05-cv-38 EMC<br><br>**DECLARATION OF DEAN ALEXANDER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFICATION OF SETTLEMENT SUBCLASS, AND SUPPLEMENTAL CLASS NOTICE**<br><br>Date:   October 15, 2015<br>Time:   1:30 p.m.<br>Dept.:  Courtroom 5 |

1

DECLARATION OF DEAN ALEXANDER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND SUPPLEMENTAL CLASS NOTICE

Case No. 3:05-cv-38 EMC

I, DEAN ALEXANDER, hereby declare as follows:

1. I am a Representative Plaintiff and Class Member in this case. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them.

2. I have never been involved in any type of lawsuit or litigation before deciding to serve as a Named Plaintiff in this case.

3. I drove for FedEx Ground Package System, Inc.'s Home Delivery division from approximately March 2000 to approximately February 2005. I was classified as an "independent contractor" of FedEx Ground and signed my first Operating Agreement in March 14, 2000.

4. I was first in contact with my attorneys in this lawsuit in approximately Fall of 2004. I was referred to the firm of Leonard Carder LLC in Oakland, California. After many phone calls, gathering documents, and discussing the case with other FedEx Ground drivers, I met with some of the attorneys who would ultimately become my lawyers in this case. My first meetings and calls with the lawyers took at least 15 to 20 hours total, including additional preparation and travel time. After many further phone calls, gathering documents, and discussing the case with other FedEx Ground drivers, I retained Leonard Carder, LLP to represent me on October 29, 2004. These initial communications and meetings required at least 3 to 5 hours of my time during the early period of this litigation.

5. When agreeing to serve as a Named Plaintiff in this litigation, I understood that I would be representing and seeking relief for current and former employees of FedEx Ground. I was interested in serving as a Representative Plaintiff because I believed that FedEx Ground had misclassified me and my fellow FedEx Ground drivers as "independent contractors," when in fact we were employees entitled to all the benefits of California employment laws, including but not limited to laws related to reimbursement of employment expenses, protection from unlawful deductions, and overtime pay. At the same time, I was concerned and aware that my name would be on papers in this lawsuit, and the fact that I sued my employer could turn up in an internet search. As a result, I was worried and continue to be worried about the possibility that a current, future, or potential employer will retaliate or perceive me negatively because of my involvement

in this lawsuit. My understanding is that this case has now been widely publicized as "Alexander v. FedEx," which further highlights my involvement (as the first named plaintiff) and causes me more concern that I may face potential retaliation in future employment opportunities.

6. I was also very nervous about bringing the case because I was still working for FedEx Ground in 2004, when I initiated contact with the attorneys and took many of the first steps toward representation. I was concerned that FedEx Ground would retaliate against me for bringing the case because I wanted and intended to continue providing delivery services for a living.

7. Over the following years, I assisted my attorneys in prosecuting the lawsuit. I remained in regular contact with my lawyers, particularly in the early period and including the years when the case was on appeal before the Ninth Circuit Court of Appeal. In addition to specific services I provided – including sitting for deposition, locating and producing documents, and responding to discovery – I talked with my attorneys both in person and by telephone to assist with their investigation and prosecution of the case and to remain informed about the case for my own knowledge and so I could share reports with other FedEx Ground drivers who were aware that I was a Representative Plaintiff. I spoke with other drivers about the case and status of the litigation. I also helped to organize and attended a few meetings held by my attorneys with groups of drivers. These communications and meetings required at least 12 to 15 hours of my time during the approximately 10 years I have been involved in the case.

8. In 2004 to 2006, during the initial investigation of this case and after it was filed, I worked with my attorneys to provide disclosures to FedEx Ground, including an extensive search for documents that could be related to this case. In total, I produced over 2,500 pages of documents to FedEx Ground. In 2005 through 2006, I helped my attorneys respond to dozens of written interrogatories, and looked for and produced additional documents that FedEx Ground requested. I spent at least 30 to 40 hours on all those written discovery tasks, including many phone calls and long meetings with my lawyers reviewing documents and discovery responses.

9. FedEx Ground took my deposition in this case on August 15, 2006. I spent at least 5 to 10 hours in preparation for my deposition, including travel time and meeting with my

3

DECLARATION OF DEAN ALEXANDER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND SUPPLEMENTAL CLASS NOTICE

Case No. 3:05-cv-38 EMC

attorney. The time spent on the deposition lasted approximately 15 to 20 hours, including travel time, a pre-meeting with my attorney, and breaks at the deposition. I believe that I also spent one to two hours reviewing the transcripts of my depositions.

10. While I did not personally attend the mediation sessions in this case, primarily because it would have been expensive for me to travel to mediation, I stayed in touch with my attorneys before, during, and after the mediation sessions to remain informed about the progress of the settlement negotiations and answer any questions my attorneys needed. These pre-mediation communications required at least 2 to 3 hours of my time.

11. Following the mediation in June 2015, I have continued to stay in touch with my attorneys to remain informed and provide any input needed in settlement negotiations. I also reviewed and signed the settlement agreement in this case and have continued to receive updates on the status of the settlement from my lawyers. These post-mediation communications, including time preparing and reviewing this declaration, have required approximately 2 to 4 hours of my time.

12. To the best of my recollection, I estimate that I have spent at least between 115 and 125 hours engaged in activities related to this litigation since 2004 and I expect to spend more time in the future, including time consulting with my counsel and responding to questions from my former co-workers who are aware that I am a Representative Plaintiff in this case and who I expect will contact me during the period when notice of the settlement is distributed to the class.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the foregoing is true and correct of my own personal knowledge and that this Declaration was executed on this 10th day of September, 2015 in Folsom, California.

_____
DEAN ALEXANDER

4
DECLARATION OF DEAN ALEXANDER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND SUPPLEMENTAL CLASS NOTICE

Case No. 3:05-cv-38 EMC