BETH A. ROSS (SBN 141337)
bross@leonardcarder.com
AARON KAUFMANN (SBN 148580)
akaufmann@leonardcarder.com
DAVID P. POGREL (SBN 203787)
dpogrel@leonardcarder.com
ELIZABETH R. GROPMAN (SBN 294156)
egropman@leonardcarder.com
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, California 94612
Tel: (510) 272-0169
Fax: (510) 272-0174

*Attorneys for Plaintiffs*

CAROLYN KUBOTA (SBN 113660)
ckubota@omm.com
SCOTT VOELZ (SBN 181415)
svoelz@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
Tel:  (213) 430-6000
Fax:  (213) 430-6407

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN ALEXANDER, et. al. | Case No: 3:05-cv-38 EMC |
| Plaintiffs, | **JOINT STIPULATION AND [PROPOSED] FOR LEAVE FOR THE FILING OF THE [PROPOSED] FOURTH AMENDED COMPLAINT** |
| vs. | |
| FEDEX GROUND PACKAGE SYSTEM, INC. et. al., | |
| Defendant. | |

*(left margin vertical text)* LEONARD CARDER, LLP ATTORNEYS 1330 BROADWAY, SUITE 1450 OAKLAND, CA 94612 TEL. (510) 272-0169  FAX: (510) 272-0174

The parties to this lawsuit, by and through their respective counsel, do hereby stipulate for leave for to the filing of the Fourth Amended Complaint attached hereto as Exhibit A.  The parties have agreed to the filing of the Fourth Amended Complaint for the purposes of (a) allowing Plaintiffs to add an additional Plaintiff, Marjorie Pontarolo, and (b) remove all references to Plaintiffs' claims under the federal Family and Medical Leave Act ("FMLA"), which were resolved and dismissed in a separate action.

It is further stipulated that Defendant will have until October 12, 2015 to file an answer or any other responsive pleading to Plaintiffs' Fourth Amended Complaint.  Alternatively, Defendant may elect not to file a responsive pleading, in which case the Defendant's Answer on file will be deemed the responsive pleading to the Fourth Amended Complaint.

The proposed amended pleading is submitted, with the opposing party's consent, pursuant to Federal Rule of Civil Procedure 15(a)(2).

Respectfully submitted,

**LEONARD CARDER, LLP**

Dated:  September 9, 2015          By:   _/s/  Beth A. Ross_
                                               Beth A. Ross
                                               *Attorneys for Plaintiffs and Plaintiff Class*

**O'MELVENY & MYERS LLP**

Dated:  September 9, 2015          By:  _/s/  Scott Voelz_
                                               Carolyn Kubota
                                               Scott Voelz
                                               *Attorneys for Defendant FedEx Ground*
                                               *Package System, Inc.*

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL. (510) 272-0169  FAX: (510) 272-0174

- 1 -

JOINT STIPULATION AND [PROPOSED] FOR LEAVE FOR
THE FILING OF THE [PROPOSED] FOURTH AMENDED COMPLAINT          Case No. 3:05-cv-38 EMC

**ATTESTATION OF FILING**

Pursuant to Local Civil Rule 5-1(i)(3), I, Beth A. Ross, hereby attest that  concurrence in the filing of this Stipulation has been obtained from each of the other signatories listed above.


Dated:  September 9, 2015                    **LEONARD CARDER, LLP**


                                        By:  ___/s/  Beth A. Ross_____
                                             Beth A. Ross
                                             *Attorneys for Plaintiffs and Plaintiff Class*

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

JOINT STIPULATION AND [PROPOSED] FOR LEAVE FOR
THE FILING OF THE [PROPOSED] FOURTH AMENDED COMPLAINT            Case No. 3:05-cv-38 EMC

## **ORDER**

   Pursuant to stipulation, Plaintiffs shall be granted leave to file the [Proposed] Fourth Amended Complaint attached as Exhibit A hereto, and the Clerk is directed to file said [Proposed] Fourth Amended Complaint.

   Defendant will have until October 12, 2015 to file an answer or any other responsive pleading to Plaintiffs' Fourth Amended Complaint. Alternatively, Defendant may elect not to file a responsive pleading, in which case the Defendant's Answer on file will be deemed the responsive pleading to the Fourth Amended Complaint.

DATED:  ___October 15___, 2015



IT IS SO ORDERED

Judge Edward M. Chen

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL. (510) 272-0169  FAX: (510) 272-0174

JOINT STIPULATION AND [PROPOSED] FOR LEAVE FOR
THE FILING OF THE [PROPOSED] FOURTH AMENDED COMPLAINT    Case No. 3:05-cv-38 EMC

BETH A. ROSS (SBN 141337)
bross@leonardcarder.com
AARON KAUFMANN (SBN 148580)
akaufmann@leonardcarder.com
DAVID P. POGREL (SBN 203787)
dpogrel@leonardcarder.com
ELIZABETH R. GROPMAN (SBN 294156)
egropman@leonardcarder.com
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, California 94612
Tel: (510) 272-0169
Fax: (510) 272-0174

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEAN ALEXANDER, PETER ALLEN,
ALBERT AYANA, SUZANNE ANDRADE,
JARRETT HENDERSON, ELY INES, JORGE
ISLA, PAUL INFANTINO, ERIC JEPSON,
GUPERTINO MAGANA, BERNARD
MENDOZA, JESSE PADILLA, MARJORIE
PONTAROLO, JOEY RODRIGUEZ, ALLAN
ROSS, AGOSTINO SCALERCIO AND
ANTHONY YBARRA

        Plaintiffs,

vs.

FEDEX GROUND PACKAGE SYSTEM, INC.
et. al.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No: *3:05-cv-38 EMC*

**FOURTH AMENDED CLASS
ACTION COMPLAINT**

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

Plaintiffs Dean Alexander, Peter Allen, Albert Anaya, Suzanne Andrade, Jarrett Henderson, Ely Ines, Jorge Isla, Paul Infantino, Eric Jepson, Gupertino Magana, Bernard Mendoza, Jesse Padilla, Marjorie Pontarolo, Joey Rodriguez, Dale Rose, Allan Ross, Agostino Scalercio, and Anthony Ybarra, on behalf of themselves and similarly situated employees, and the general public allege as follows:

## INTRODUCTION

1.     The California Labor Code provides legal rights to employees and requires employers to meet various legal obligations to their employees, such as the duty to reimburse their employees for all expenses necessarily incurred in connection with their employment (Lab. Code §2802), the duty to pay overtime premium pay for hours worked which exceed eight in any workday or forty in any workweek (Lab. Code §1194), the duty to provide workers compensation coverage  (Lab. Code §§3200 *et seq.*), the duty to provide meal and rest breaks (Lab. Code §510, 226.7), the duty to avoid coercion in purchase of necessary equipment and materials (Lab. Code §450) and other legal obligations.  Under settled law, employers may not avoid these legal obligations or interfere with the exercise of these rights by mis-classifying their employees as "independent contractors" if the employers treat workers as employees.

2.     In 1999, a statewide class action entitled Estrada et al. v. Roadway Package Systems, BC 210130, was filed in Los Angeles Superior Court.  (The case name was later changed to  Estrada v. FedEx Ground by order of the court.)  A class was certified on August 2, 2001 and the case proceeded to trial in phases beginning with Phase I, tried in the court from April 16 to June 30, 2004 before the Honorable Howard J. Schwab in Department F-48.   At the end of Phase I, Judge Schwab issued a Statement of Decision on July 26, 2004, finding that pickup and delivery drivers with one route were employees, not independent contractors, and finding that FedEx Ground had not reimbursed its drivers for their work-related expenses.  Final judgment in that case was entered on December 19, 2005 finding that those drivers were employees and enjoining further mis-classification by FedEx Ground.  On August 13, 2007, the California Court of Appeals issued a decision affirming the trial court's ruling that pickup and delivery drivers with one route were employees and that class certification was proper.  The class

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

FOURTH AMENDED CLASS ACTION COMPLAINT                    Case No: *3:05-cv-38 EMC*

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

definition in <u>Estrada v. FedEx Ground</u> included those who were drivers at the time of the certification order on August 2, 2001 but did not include drivers operating under contracts signed thereafter and also did not include those pickup and delivery drivers operating for the FedEx Ground division doing business as FedEx Home Delivery.  The instant lawsuit follows the earlier <u>Estrada</u> case, covering those not included in that class and seeking relief for all pickup and delivery drivers operating under contract with FedEx Ground and FedEx Home Delivery.

3.      Defendant FedEx Ground Package System, Inc. ("FEG"), and its division, FedEx Home Delivery ("FHD") (hereinafter together referred to as Defendant), is a Delaware corporation doing business as two national companies, affiliated with the Federal Express Corporation.  FEG (including FHD) employs thousands of drivers to pick up and deliver packages for its customers throughout the United States.  As a condition of employment, each FEG and FHD driver is required to sign a lengthy form contract entitled the "Pickup And Delivery Contractor Operating Agreement" that mis-characterizes each driver as an "independent contractor."   These operating agreements were designed to conceal the true nature of the relationship between FEG and its drivers: that of employer and employee.

4.      Despite FEG and FHD's control over virtually all material aspects of the employment relationship, and despite the unequivocal command of applicable statutes and case law to the effect that workers such as plaintiffs are entitled to the protections due employees under California law, and despite the finding of the Los Angeles Superior Court in the <u>Estrada</u> case that these drivers are employees, FEG and FHD continue to mis-classify their drivers as independent contractors.  As a result, these drivers are deprived of the rights and protections guaranteed by California law to employees, and they are deprived of employer-financed workers compensation coverage and unemployment insurance benefits.  Furthermore, the terms and conditions of their employment contract require these drivers to purchase, operate and maintain expensive trucks for FEG and FHD's exclusive benefit and to work under other unlawful conditions.  FEG and FHD's mis-characterization of their drivers as independent contractors, the concealment and/or non-disclosure of the true nature of the relationship between FEG and FHD and its drivers and the attendant deprivation of substantial rights and benefits of employment are

part of an on-going unfair, and/or unlawful and/or fraudulent business practice by FEG and FHD which this court should enjoin.

**PARTIES**

5.     Plaintiffs Dean Alexander, Peter Allen, Albert Anaya, Suzanne Andrade, Jarrett Henderson, Ely Ines, Jorge Isla, Paul Infantino, Eric Jepson, Gupertino Magana, Bernard Mendoza, Jesse Padilla, Marjorie Pontorolo, Joey Rodriguez, Dale Rose, Allan Ross, Agostino Scalercio and Anthony Ybarra are residents of, Carmichael, Chico, Clovis, El Dorado Hills, Escondido, Folsom, Lahabra, Moreno Valley, Oceanside, Sacramento, San Diego, San Juan Santee, Capistrano, San Ramon, Union City, Vacaville, Yuba City in the State of California.  Paul Infantino, Marjorie Pontarolo. Joey Rodriguez, and Agostino Scalercio were employed by FEG for all relevant times as pick-up and delivery drivers.  Dean Alexander, Peter Allen, Albert Anaya, Suzanne Andrade, Jarrett Henderson, Ely Ines, Jorge Isla, Gupertino Magana, Bernard Mendoza, Jesse Padilla, Dale Rose, Allan Ross and Anthony Ybarra were and/or are employed by FHD for all relevant times as pick-up and delivery drivers.    Together, they sue on behalf of themselves, as representatives of all similarly situated pickup and delivery drivers in the classes defined below, on behalf of the public and as private attorney generals pursuant to the Unfair Business Practices Act ("UBPA"), Cal. Bus. & Prof. Code §17200, et seq. and Cal. Labor Code § 2699.

6.     Plaintiffs are informed and believe and on that basis allege that at all times herein defendant FEG (including its division FHD) has been and is a Delaware corporation authorized to do business and doing business in all fifty states including the state of California at various locations throughout the United States with its principal corporate headquarters in Pittsburgh, Pennsylvania.    Plaintiffs are informed and believe and on that basis allege that at all times relevant herein defendant FEG and its division FHD operate a network of approximately 500 distribution hubs and local pick-up and delivery terminals throughout the United States with at least fifty employees within a 75-mile radius of each other.   At all times relevant herein, defendant FEG and its division FHD have been and are employers of Plaintiffs within the meaning of California law.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

FOURTH AMENDED CLASS ACTION COMPLAINT              Case No: *3:05-cv-38 EMC*

7.     The true names and capacities, whether individual, corporate, association or otherwise of defendants named herein as DOES 1 THROUGH 20, inclusive, are unknown to Plaintiffs and therefore Plaintiffs sue such DOES by fictitious names.  Plaintiffs are informed, believe, and on that basis allege that these DOE defendants are California residents or corporations or entities doing business in the State of California, and that each is the agent of the other Defendants and that each is responsible for some or all of the acts and omissions alleged herein.  Plaintiffs will amend this complaint to show the true names and capacities of these DOE defendants when they have been determined.

### JURISDICTION

8.     This court has jurisdiction over the subject matter and the parties pursuant to the Class Action Fairness Act of 2005 (CAFA), *codified at* 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

### VENUE AND INTRADISTRICT ASSIGNMENT

9.     Because a substantial part of the events or omissions giving rise to the claims stated herein arose within this District, and a substantial number of the members of the class alleged herein work or worked for Defendant in facilities and operations maintained by Defendants within this District and within the Division and Courthouse to which this action has been assigned, venue is proper in this District pursuant to 28 U.S.C. § 1391(b), and assignment to the San Francisco Division or Oakland Division is proper pursuant to Local Rule 3-2(d).

### CLASS ACTION ALLEGATIONS

10.     Plaintiffs Alexander, Allen, Anaya, Andrade, Henderson, Ines, Isla, Infantino, Jeppson, Magana, Mendoza, Padilla, Rodriguez, Ross, Scalercio, and Ybarra bring a statewide class action on behalf of all persons who are now working or have worked for FEG and/or FHD as pick-up and delivery drivers within the State of California during the time period covered herein.  Plaintiffs bring this class action on behalf of themselves and other similarly situated members of the class who have been similarly deprived of rights under California law by FEG and FHD in the manner described in this Complaint.  For purposes of Plaintiffs' First, Fourth,

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

- 4 -

Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Causes of Action, as set forth below, Plaintiffs seek to certify a class comprised of:

> All persons who: 1) entered or will enter into a FXG Ground or FXG Home Delivery form Operating Agreement (now known as form OP-149 and form OP-149 RES) between November 17, 2000 and October 15, 2007; 2) drove or will drive a vehicle on a full-time basis (meaning exclusive of time off for commonly excused employment absences) since November 17, 2000, to provide package pick-up and delivery services pursuant to the Operating Agreement; and 3) were dispatched out of a terminal in the State of California.

Plaintiffs intend to include as members of the California statewide class (a) all FHD pick- up and delivery drivers who executed contracts to provide service to FHD between November 12, 2000 and the time of trial, (b) all FEG California pick-up and delivery drivers who began providing services to FEG after August 2, 2001 and were therefore never included in the Estrada class on that basis for any time between August 2, 2001 and the time of trial, (c) any former or putative Estrada class members whose claims were dismissed by the Los Angeles Superior Court without prejudice or who were excluded from the Estrada class during the pendency of that action for lack of jurisdiction for the period May 11, 1995 through the time of trial.

11.     During the class period, Plaintiffs are informed and believe and on that basis allege that more than 2000 persons have worked for FEG and/or FHD as package pickup and delivery drivers in California and who fall within this class and whose identities may be ascertained from Defendant's' records.

12.     For purposes of Plaintiffs' Second Cause of Action, as set forth below, Plaintiffs Alexander, Allen, Anaya, Andrade, Henderson, Ines, Isla, Magana, Mendoza, Padilla, Ross, and Ybarra seek to certify a sub-class of those identified in Paragraph 10 above comprised of:

> All persons who: 1) entered or will enter into a FXG Ground or FXG Home Delivery form Operating Agreement (now known as form OP-149 and form OP-149 RES) between November 17, 2000 and October 15, 2007; 2) drove or will drive a vehicle on a full-time basis (meaning exclusive of time off for commonly excused employment absences) since November 17, 2001, to provide package pick-up and delivery services pursuant to the Operating Agreement; 3) were dispatched out of a terminal in

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

- 5 -

the state of California; and 4) at any time during the class period operated a vehicle with a gross vehicle weight rating of less than 10,001 pounds.

13. During the class period Plaintiffs are informed and believe and on that basis allege that more than 800 persons have worked for FEG and/or FHD as pick-up and delivery drivers in California and who fall within the subclass identified in paragraph 12 and whose identities may be ascertained from Defendant's records. The subclass identified in paragraph 12 shall hereinafter be referred to as the "Overtime Subclass."

14. For purposes of Plaintiffs' Third Cause of Action, as set forth below, Plaintiffs Plaintiff Marjorie Pontarolo seeks to certify a sub-class of those identified in Paragraph 10 above comprised of:

> All persons who: 1) entered or will enter into a FXG Ground or FXG Home Delivery form Operating Agreement (now known as form OP-149 and form OP-149 RES) between November 17, 2000 and October 15, 2007; 2) drove or will drive a vehicle on a full-time basis (meaning exclusive of time off for commonly excused employment absences) since August 1, 2011, to provide package pick-up and delivery services pursuant to the Operating Agreement; and 3) were dispatched out of a terminal in the State of California.

15. During the class period Plaintiffs are informed and believe and on that basis allege that there are more than 400 persons who have worked for FEG and/or FHD as pick-up and delivery drivers in California, who fall within the subclass identified in paragraph 14, and whose identities may be ascertained from Defendant's records. The subclass identified in paragraph 14 shall hereinafter be referred to as the "meal and rest period subclass."

16. This action may be properly maintained as a class action under Federal Rule of Civil Procedure 23 and/or California Code of Civil Procedure Section 382 in that:

> a. The members of each subclass are so numerous that their individual joinder in a single action is impossible and/or impracticable;

> b. The central questions of law and fact involved in this action are of a common or general interest and those common legal and factual issues predominate over any questions affecting only individual members of the class. Among the common questions of law and fact are the following:

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

i. Whether class members have been mis-classified as independent contractors pursuant to FEG and/or FHD's operating agreements;

ii. Whether class members are entitled to the protections of various provisions of the California Labor Code as detailed below;

iii. Whether FEG and/or FHD have violated their legal obligations under various provisions of the California Labor Code as detailed below;

iv. Whether FEG and/or FHD unlawfully failed to provide workers compensation insurance benefits and unemployment insurance benefits to the class members in violation of Cal. Labor Code §§3200 *et seq.* and Cal. Unempl. Ins. Code §§100 *et seq.* respectively;

v. Whether FEG and/or FHD's actions constitute violations of the Unfair Business Practices Act, California Business & Professions Code ;

vi. Whether FEG and/or FHD intentionally and/or negligently misrepresented, concealed and/or failed to disclose to Plaintiffs and the class they seek to represent their true employment status and thereby obtained unjust profits and induced the drivers to incur substantial expenses in reliance on such representations;

vii. Whether Plaintiffs are entitled to injunctive and declaratory relief and an equitable accounting; and

viii. Whether the imposition of civil penalties pursuant to California Labor Code Section 2699 is proper.

17. The claims of the named representative plaintiffs are typical of the claims of the members of the California class and subclasses. The named plaintiffs share the same interests as other members of the class and subclasses in this action because, like other class and subclass members, they have each been mis-classified, have been deprived of their legal rights, have been subjected to FEG and/or FHD's unlawful policies and procedures and suffered financial loss of thousands of dollars due to FEG and/or FHD's wrongful mis-classification. Given the significance of the deprivation of their rights, they have the incentive, and are committed, to vigorously prosecute this action. They have retained competent and experienced counsel who specialize in class action and employment litigation to represent themselves and the proposed class.

FOURTH AMENDED CLASS ACTION COMPLAINT                    Case No: *3:05-cv-38 EMC*

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

18.     A class action is the only realistic method available for the fair and efficient adjudication of this controversy.  The expense and burden of individual litigation makes it impracticable for members of the class to seek redress individually for the wrongful conduct herein alleged.  Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

## FACTS COMMON TO ALL CAUSES OF ACTION

19.     FEG is a national corporation, and FHD is a division thereof, whose business consists of package delivery and pick-up service to customers, using a single integrated nationwide network of transportation, sortation and communication facilities and integrating class members into those existing network of operations.  Defendant FEG and/or its division FHD hired plaintiffs to timely deliver and pick up packages at times, locations and for amounts determined solely by FEG and/or FHD.

20.     FEG and its division FHD employ or employed during the class period more than 14,000 pick-up and delivery drivers in the United States including, either presently or at material times in the past, each of the plaintiffs and members of the plaintiff class.  FEG and FHD employ or employed during the class period more than 2,000 pick-up and delivery drivers in the State of California including, either presently or at material times in the past, each of the plaintiffs and members of the plaintiff class.

21.     FEG and FHD retain the right to control the manner and means by which Plaintiffs and class members  perform their jobs.  Pick-up and delivery drivers work from a FEG or FHD terminal, where they are assigned packages for delivery and locations for pickups each day.  FEG and FHD employ a variety of managerial and supervisory employees at their terminals who have supervisory responsibility over the drivers, their daily assignments and paperwork.  Drivers also interact with other FEG and/or FHD personnel on a daily basis.

22.     FEG and FHD unilaterally set the compensation to be paid to the pick-up and delivery drivers. Defendant pays drivers for the number of stops, deliveries and pick-ups made, as

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

- 8 -

1    well as daily compensation for making themselves available for pickup and delivery work in

2    geographic areas determined by FEG and FHD.

3        23.    FEG and FHD unilaterally set the prices charged to their customers for the services

4    rendered by Plaintiffs and plaintiff class members.

5        24.    FEG and FHD have created and regularly updated a large number of written

6    policies and procedures outside of the Operating Agreement that drivers are never given, but

7    nonetheless govern the terms and conditions of their employment and compensation.  FEG and

8    FHD's written policies are contained in the FedEx Ground Manual, Operations Management

9    Handbook, Settlement Manual and numerous other written and extra-contractual policies that are

10   actively concealed from drivers and/or which FEG and FHD fail to disclose and/or provide to

11   drivers that govern the relationship between FEG, FHD and the drivers.  The other written

12   handbooks and manuals and additional extra-contractual sources include, but are not limited, to

13   written rules on "contractor" termination, directives and training provided to terminal managers,

14   written rules on driver appearance (with illustrative poster), written and oral complaint

15   procedures, memorandum and directives to terminal management and other rules concealed from

16   and not provided to the drivers.  When drivers do not follow an FEG or FHD rule or procedure,

17   whether disclosed or undisclosed, known or unknown, they are subject to various types of

18   punishment, some financial and some disciplinary, up to and including contract termination

19   and/or non-renewal.  FEG and FHD document such so-called violations of such rules on forms

20   referred to as "Business Discussion Notes" and retain these documents in secret driver files

21   called "DOT" files, along with myriad other documents which are likewise concealed from and

22   not disclosed to the drivers.

23       25.    Plaintiffs and Plaintiff class members provide services which are an integral part

24   of FEG and FHD's business enterprise and they have no separate or distinct occupation or

25   business. By providing vehicles with required FEG and FHD's colors, logos and advertising, by

26   at least daily reporting to FEG and FHD terminal facilities, by interacting daily with FEG and

27   FHD terminal managers and other employees, by reliably serving FEG and FHD's customers, by

28   following FEG and FHD's controlled delivery routes and delivery and pick-up methods and

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

- 9 -

schedules, by providing FEG and FHD sales personnel with customer leads, by using FEG and FHD scanners which enable Defendant's customers to track their packages, and in other material ways, Plaintiffs and Plaintiff class members have rendered, and continue to render, services to Defendant which are integral to the Defendant's package delivery system.

26.     Each pick-up and delivery driver (referred to by FEG and FHD as a "P&D contractor") must sign a "Pick-Up and Delivery Contractor Operating Agreement" and Addenda thereto (referred to hereinafter as combined as "OA" or the "Operating Agreement") as a mandatory condition of employment.  The date, time and place of execution of each driver's Operating Agreement is within the knowledge of FEG and FHD as each Agreement is maintained in the driver files described above, in the regular course of business.  The Operating Agreement between each member of the plaintiff class and FEG or FHD is the same in all material respects. The Operating Agreement between Plaintiffs and FEG and between Plaintiffs and FHD contain all of the same identical material terms with only a few, minor and insubstantial differences.

27.     The Operating Agreement contains various statements purporting to classify Plaintiffs and Plaintiff class members as independent contractors.   At the same time, the Operating Agreement retains to the company, *inter alia*, the right to approve or disapprove any vehicle used to provide service, the right to approve or disapprove any driver or helper who provides service, the right to approve or disapprove the purchase or sale of any vehicle, the right to assign pickup and delivery stops to each driver, the right to temporarily or permanently transfer portions of any route to another with or without compensation, the right to determine when a driver has "too few" or "too many" packages to deliver or pick-up on a given day, the right to inspect vehicles and drivers for compliance with Company-promulgated appearance standards, the right to terminate the contract upon thirty days notice or whenever the company unilaterally determines that any provision of the contract has been "violated," amounting to the right to terminate at will, the right to require the use of communication equipment and the wearing of Company uniforms, the right to take a vehicle out of service, the right to review and evaluate "customer service" and to set and change standards of such service, the right to require drivers to perform service at "times" requested by customers and determined by FEG and FHD, the right to

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

withhold pay for certain specified expenses, the right to require purchase of specified insurance and numerous other purchases by drivers, the right to require completion of specified paperwork, and other rights reserved to FEG and FHD.

28.     The Operating Agreement also provides, among other things, that:

a.     Subject to company approval of any vehicle used, drivers must provide and maintain their own vehicle, paying for all costs and expenses incidental to its operation, including maintenance, gas, oil, repairs, tax, licenses and tolls. Moreover, drivers must adorn the vehicle with specific colors, logos and marks, identifying it as part of the FEG or FHD system at their own expense;

b.     Drivers must maintain liability and workers compensation insurance (sometimes referred to as "work accident insurance" for the benefit of Defendant;

c.     Drivers must use communications equipment, i.e., a scanner, which uses FEG and/or FHD's customized and/or proprietary tracking software and drivers must pay to rent such equipment from the Company;

d.     Drivers must prepare and submit daily reports and such shipping documents "as FEG may from time to time designate;"

e.     Drivers must wear an approved uniform, and keep their personal appearance consistent with standards unilaterally "promulgated from time to time" by Defendant;

f.     Defendant retains the right to change a driver's work area on a daily basis or permanently, at its discretion, notwithstanding statements in the Agreement regarding an alleged "proprietary interest" in the customers the driver serves;

g.     After one month of service, drivers become eligible to participate in FEG's "Contractor Customer" program ("CCS"), by which a monetary bonus can be earned for every period in which the driver has no at-fault accidents, no customer complaints and no missed-pickups and during which the entire terminal's performance meets company-assigned standards of service;

h.     Defendant retains the right to control the volume of packages to be delivered and/or picked up each day, the locations of such deliveries and pickups, and the delivery and/or pickup times (referred to as "windows"), and thus controlling the drivers' work hours; and

i.     Defendant retains the right to control when drivers may leave the terminal with the packages for delivery each day and retains control over the release of scanners each day and thus further controls the drivers' work hours.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

FOURTH AMENDED CLASS ACTION COMPLAINT                Case No: *3:05-cv-38 EMC*

29.     The Operating Agreement sets forth an initial term ranging from one to three years and is automatically renewed for successive terms of one year after the expiration of the initial term. The Agreement can be terminated either by mutual agreement or unilaterally by Defendant for alleged contract violations.  Because FEG and FHD  retain absolute unilateral control over contract interpretation and termination, the Agreement is an at-will employment relationship of indefinite duration.

30.     The Operating Agreement is, and at all times mentioned herein, has been a contract of adhesion, drafted exclusively by Defendant and/or its legal counsel, with no negotiation with drivers who are required to sign the Agreement as a condition of employment. Plaintiffs and plaintiff class members are required to sign the form contract as is, without any changes made to the terms contained therein.   Each year, drivers are required to sign additional Addenda which are likewise not subject to negotiation and are unilaterally drafted adhesion contract provisions.   The Agreement is, and at all material times has been unlawful, unconscionable and fraudulent in form and effect.

31.     Although the nature of the work performed by the plaintiff class makes detailed control by management unnecessary, Defendant in fact retains the right to control and exercise extensive control over the work of the drivers to fulfill Defendant's commitments to its customers.

32.     Defendant's right of control over plaintiff class members is also retained and/or exercised by FEG and FHD as demonstrated by concealed and/or undisclosed extra- contractual sources such as Company written rules and policies and unwritten practices which supplement and fill gaps in the written contract.

33.     Defendant periodically distributes memoranda and/or videotapes from management to all pickup and delivery drivers covering various topics including pick-up and delivery procedures, changes in selected company rules, procedures or programs, news regarding company growth or new customers with particular requirements and similar information. Nonetheless, Defendant has never distributed any memoranda to its pickup and delivery drivers

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

FOURTH AMENDED CLASS ACTION COMPLAINT                    Case No: *3:05-cv-38 EMC*

explaining workers compensation procedures or notices or any other notification to employees required by law.

34. In order to take a limited amount of pre-scheduled time off without having to hire a temporary replacement driver, pickup and delivery drivers at FEG can pay Defendant $756 per year ($3 per day of work) to participate in its so-called "Time Off Program" which allows participating drivers to take two non-consecutive weeks off without hiring replacement drivers. During such pre-scheduled time off, Defendant provides replacement drivers to cover the driver's route for the scheduled week off. Defendant must approve the time off period far in advance; drivers sign up for weeks of "Time-off" under this program by seniority, once per year for the following year during a sign-up period. Such time off is not permitted to be used on an emergency basis or without advance scheduling.

35. On September 20, 2007, Defendant announced that, starting on October 26, 2007, it will terminate the contracts of all of its drivers who operate single work areas (approximately 1,000 positions) in California and that, as of May 31, 2008, it will conduct its California pickup and delivery business using only to drivers who operate multiple-work areas.

36. Defendant further announced that it was eliminating its single work area driver positions in California because of the "legal and regulatory environment in California" of which "the *Estrada* case is a part."

37. Defendant announced that it has no plans to terminate single work area drivers anywhere but California at the present time, but is always looking for ways "to strengthen [its] business model" nation-wide.

38. Defendant also announced that it would provide the terminated single work area drivers in California with so-called "voluntary transition incentives" of at least $25,000.00 (and in some cases more) provided they are willing to execute a broad release of claims in Defendant's favor contained in a document entitled, "Contractor Conversion and Release Agreement," copies of which were provided to the California single work area drivers, and provided they execute such agreement by no later than October 26, 2007. The "Contractor Conversion and Release Agreement" contains the following non-negotiable provision:

- 13 -

FOURTH AMENDED CLASS ACTION COMPLAINT                    Case No: *3:05-cv-38 EMC*

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

Release of Claims.

(a)    In exchange for the consideration stated in Article 2(a) and for other good and valuable consideration, and except for those obligations created by or arising out of this Agreement, Contractor, on his own behalf, and on behalf of any corporation, limited liability company, sole proprietorship, and any other business entity with which Contractor is affiliated, hereby covenants not to sue and acknowledges full and complete satisfaction of and releases and discharges, to the fullest extent permitted by law, FedEx Ground, its subsidiaries, divisions (including, without limitation, FedEx Home Delivery), parent and affiliated companies, past and present, and each of them, as well as its and their trustees, directors, officers, shareholders, agents, attorneys, insurers and employees, past and present, and each of them, hereinafter collectively referred to as *"Releasees,"* with respect to and from any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, wages, obligations, debts, expenses, attorneys' fees, damages, judgments, orders and liabilities of whatever kind, whether known or unknown, suspected or unsuspected, which Contractor or any Contractor-related business entity now owns or holds or has at any time heretofore owned or held as against Releasees, or any of them, arising out of or in any way connected with (i) FedEx Ground's announcement(s) that it is modifying its relationship with contractors in California, and (ii) any and all actions related to FedEx Ground's modification of its relationship with California contractors, including, without limitation, any contemplated or actual termination, non-renewal or assignment of Contractor's Operating Agreement, and any contemplated or actual sale, assignment or other disposition of a primary service area (whether Contractor was the transferor or transferee of said primary service area.)

(b)    Contractor agrees that this Agreement shall be effective as a bar to each and every claim, demand and cause of action described above.  Accordingly, Contractor, on his own behalf, and on behalf of any corporation, limited liability company, sole proprietorship, and any other business entity with which Contractor is affiliated, hereby expressly waives any and all rights and benefits conferred upon Contractor by the provisions of SECTION 1542 OF THE CALIFORNIA CIVIL CODE with respect to the above-described release of claims, and expressly consents that this Agreement shall be given full force and effect according to each and all of its express terms and provisions, including those relating to unknown and unsuspected claims, demands and causes of action, if any, as well as those relating to any other claims, demands and causes of action referred to above.  SECTION 1542 provides:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR"

39.    In addition, Defendant announced that existing California single work area drivers who want to acquire one or more additional routes must participate in a program called "Enhanced Primary Plus," under which participants must execute a document called a

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

"compliance disclosure addendum." Defendant also announced that drivers who operate multiple work areas in California and across the county could participate in "Enhanced Primary Plus" and also would have to execute the "compliance disclosure addendum" if they did so.

40. The "compliance disclosure addendum" was not distributed to pick-up and delivery drivers on September 20, 2007 or made widely available.

41. The "compliance disclosure addendum" contains the following non-negotiable indemnification agreement in favor of Defendant:

[A]s between FedEx Ground and Contractor, Contractor agrees to:
…

Indemnify FedEx Ground for, and hold FedEx Ground harmless from, any liability and claims by Contractor or any third party, including, but not limited to, any persons utilized by Contractor or governmental entities, arising from Contractor's use or employment of any other person(s) in the performance of Contractor's obligations, including, but not limited to, claims or liabilities arising under industrial accident prevention, workers' compensation, or similar laws or any federal, state or municipal laws applicable to the relationship between and among employers and employees.

42. Defendant has failed and refused to inform drivers that the "compliance disclosure addendum" includes such a provision and has affirmatively misled drivers regarding the meaning and effect of the "compliance disclosure addendum."

### FIRST CAUSE OF ACTION
#### (Failure to Reimburse in Violation of Labor Code §2802)

Plaintiffs hereby incorporate by reference paragraphs 1 through 42 above as if fully set forth herein, and, for a cause of action by all members of the plaintiff class, allege as follows:

43. While acting on the direct instruction of FEG and/or FHD and discharging their duties for FEG and/or FHD, Plaintiffs and plaintiff class members incurred work-related expenses including but not limited to the purchase or lease, maintenance, operating costs, and adornment of vehicles, insurance, communications equipment, "escrow accounts," and uniforms. Plaintiffs and class members necessarily incurred these substantial expenses as a direct result of performing their job duties for Defendant.

///

FOURTH AMENDED CLASS ACTION COMPLAINT | Case No: *3:05-cv-38 EMC*

44.     FEG and FHD have failed to indemnify or in any manner reimburse the plaintiff class members for these expenditures, and have knowingly inserted illegal contractual provisions as part of an unconscionable and illegal scheme designed to avoid its legal duty to indemnify its employees.   By mis-classifying its employees as "independent contractors," and further by contractually requiring those employees to pay expenses which they incurred in direct consequence of the discharge of their duties for FEG/FHD and/or in obedience to the direction of FEG/FHD, FEG and FHD have violated and continue to violate Cal. Labor Code § 2802.

45.     As a direct and proximate result of FEG and FHD's conduct, Plaintiffs and Plaintiff class members have suffered substantial losses according to proof, as well as pre-judgment interest, costs and attorney fees for the prosecution of this action.

WHEREFORE, Plaintiffs and the plaintiff class are entitled to damages in an amount to be ascertained at the trial of the matter according to proof.

### SECOND CAUSE OF ACTION
**(Failure to pay overtime compensation in Violation of California Labor Code §§510 and 1194 et seq. and For Late Payment of Wages In Violation of California Labor §201 et seq.)**

Plaintiffs hereby incorporate by reference paragraphs 1 through 45 above as if fully set forth herein, and, for a cause of action by the identified overtime subclass of the plaintiff class, allege as follows:

46.     Various Plaintiffs and Plaintiff class members operate vehicles with a gross vehicle weight rating of less than 10,001 pounds, including but not limited to P350, P400 and other small step package vans.   Persons who operate such vehicles are not subject to the maximum hours regulations promulgated pursuant to the Federal Motor Carrier Safety Act  and are therefore not exempt from the overtime requirements established by the California Labor Code and the California Industrial Welfare Commission ("IWC") Wage Order 9.

47.     Plaintiffs and plaintiff class members who during the class period have operated vehicles with a gross vehicle weight rating of less than 10,001 pounds for Defendant FEG and/or FHD and are therefore are legally entitled to overtime compensation for all hours worked in

LEONARD CARDER, LLP ATTORNEYS 1330 BROADWAY, SUITE 1450 OAKLAND, CA 94612 TEL: (510) 272-0169  FAX: (510) 272-0174

excess of eight hours per day and all hours worked in excess of forty per work week under the California Labor Code and the California Industrial Welfare Commission ("IWC") Wage Order 9.

48.     Plaintiffs and plaintiff class members who operate vehicles with a gross vehicle weight rating of less than 10,001 pounds have not been paid at the rate of time and one-half their regular rate of pay for all hours of overtime worked, in violation of California Labor Code §§510 and 1194 et seq. and IWC Wage Order 9.

49.     As a direct and proximate result of the unlawful conduct of FEG and FHD, such Plaintiffs and such plaintiff class members have suffered substantial monetary losses, according to proof, and are further entitled to pre-judgment interest, recovery costs of suit and reasonable attorney fees as a result of their prosecution of this lawsuit.

50.     As a further direct and proximate result of the unlawful failure to pay overtime compensation, such Plaintiffs and such plaintiff class members who were deprived of their overtime compensation and who have resigned or been terminated from their employment, are entitled to recover thirty additional days of pay pursuant to California Labor code §201 et seq. by virtue of FEG and FHD's failure to timely pay all wages due and owing upon resignation or termination.

WHEREFORE, Plaintiffs and the overtime subclass are entitled to damages in an amount to be ascertained at the trial of the matter according to proof.

### THIRD CAUSE OF ACTION
**(Failure to Provide Meal and Break Periods In Violation of California Labor Codes §§510, 226.7 and IWC 9)**

Plaintiffs hereby incorporate by reference paragraphs 1 through 50 above as if fully set forth herein, and, for a cause of action by Plaintiffs, in their individual capacities, and Plaintiff Marjorie Pontarolo on behalf of herself and the  identified meal and rest period subclass, allege as follows:

51.     FEG and FHD required Plaintiffs and members of the meal and rest period subclass to work without any thirty minute unpaid meal period and/or either of two break periods as required by California Labor Codes §§510, 226.7 and California Industrial Welfare

- 17 -

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

Commission Wage Order 9, which is applicable to Plaintiffs and the meal and rest period subclass.

52.     By virtue of being deprived of such meal and rest periods, Plaintiffs and members of the meal and rest period subclass are entitled to recover up to two additional hours of pay at the regular rate of pay for each work day that such meal and/or rest periods were not provided.  FEG and FHD have failed and refused to pay such additional compensation in violation of the aforesaid provisions of the Labor Code and IWC Wage Order 9.

53.     As a direct and proximate result of FEG and FHD's conduct as alleged, Plaintiffs and members of the meal and rest period subclass have suffered substantial monetary losses, according to proof, plus pre-judgment interest, costs and reasonable attorney fees.

WHEREFORE, Plaintiffs and the meal and rest period subclass are entitled to damages in an amount to be ascertained at the trial of the matter according to proof.

### FOURTH CAUSE OF ACTION
#### (Illegal Deductions From Wages In Violation Of California Labor Code §221 & 223)

Plaintiffs hereby incorporate by reference paragraphs 1 through 53 above as if fully set forth herein, and, for a cause of action by all members of the plaintiff class, allege as follows:

54.     FEG and FHD have unlawfully withheld monies from the compensation earned by Plaintiffs and plaintiff class members for certain ordinary business expenses of FEG and FHD, including but not limited to "cargo claims" for the value of lost or damaged cargo and insurance claims in violation of California Labor Code §§ 221 and 223.

55.     FEG and FHD have withheld said funds unlawfully without providing Plaintiffs and plaintiff class members with advance notice of the amounts, reasons or documentation of any justification for such deductions and absent any lawfully sufficient reason for such conduct.

As a direct and proximate result of FEG and FHD's conduct, Plaintiffs and plaintiff class members have suffered substantial losses and been deprived of compensation to which they were entitled, including monetary damages, pre-judgment interest, costs and reasonable attorney fees.

///

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

- 18 -

56.     As a direct and proximate result of FEG and FHD's conduct, Plaintiffs and plaintiff class members who resigned or were terminated without being paid their full compensation, by virtue of such illegal deductions, are also entitled to thirty additional days of pay pursuant to California Labor Code §201-203.

WHEREFORE, plaintiffs and the plaintiff class are entitled to damages in an amount to be ascertained at the trial of the matter according to proof.

### FIFTH CAUSE OF ACTION
### (For Unlawful Coercion In Violation of
### California Labor Code 450 et seq.)

Plaintiffs hereby incorporate by reference paragraphs 1 through 56 above as if fully set forth herein, and, for a cause of action by all members of the plaintiff class, allege as follows:

57.     FEG and FHD have compelled and/or coerced Plaintiffs and plaintiff class members to patronize FEG and/or FHD by requiring Plaintiffs and plaintiff class members to rent or purchase uniforms, scanners, van washing services, DOT inspections, and other equipment, services and material directly from FEG and FHD in violation of California Labor Code §450.

58.     FEG and FHD have also compelled and/or coerced Plaintiffs and plaintiff class members to patronize preferred vendors of FEG/FHD for purchase or lease of vehicles and/or work accident and physical damage insurance in violation of California Labor Code §450.   As a direct and proximate result of FEG and FHD's coercion, Plaintiffs and plaintiff class members have suffered substantial monetary damage, according to proof.

WHEREFORE, plaintiffs and the plaintiff class are entitled to damages in an amount to be ascertained at the trial of the matter according to proof.

### SIXTH CAUSE OF ACTION
### (Fraud)

Plaintiffs hereby incorporate by reference paragraphs 1 through 58 above as if fully set forth herein, and, for a cause of action by all members of the plaintiff class, allege as follows:

59.     Plaintiffs and the class they represent were hired by FEG and FHD to work as "independent contractors" pursuant to the terms of the OA described above.   In fact, Defendant

- 19 -

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

knew or should have known, at all times, that the "independent contractor" classification in the Operating Agreement was and is improper and that, in fact, plaintiffs and all persons similarly situated were and are "employees" entitled to the benefits and protections of all laws enacted for employees. Plaintiffs are informed, believe and on that basis allege, that Defendant intentionally misled plaintiffs and the class they represent as to their employment status, or made such representations to Plaintiffs and plaintiff class members recklessly and/or negligently, and deliberately concealed from and/or failed to disclose to the pick-up and delivery drivers the extra contractual sources (including but not limited to the FedEx Ground Manual, Operations Management Handbook and Settlement Manual, other policies and secret driver files and other materials described above) that defined the employment relationship between plaintiffs and Defendant, all for the purpose of realizing unjust profits from plaintiffs' work and/or to avoid paying for its operating costs and payroll taxes to increase its competitiveness.

60.     At all material times, FEG and FHD either knew, or should have known, that the material representation made to plaintiffs concerning their employment status, and the concealment and/or non-disclosure of material facts to plaintiffs concerning their employment status and plaintiffs' corresponding obligation to assume responsibility for all of their "own" employment-related expenses including but not limited to purchasing or leasing, operating and maintaining expensive trucks were false and fraudulent.

61.     At all material times, Defendant intended to and did induce plaintiffs and the class they represent to reasonably and justifiably rely to their detriment on the false and fraudulent representations made to them by Defendant concerning their employment status and obligation to assume responsibility for all of employment related expenses including but not limited to purchasing or leasing, operating and maintaining expensive trucks and suffered damage as a direct and proximate result.

62.     By its aforesaid conduct, Defendant is guilty of oppression, fraud and malice in violating Plaintiff rights and protections guaranteed by the California Labor Code and other applicable law.

///

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

FOURTH AMENDED CLASS ACTION COMPLAINT                    Case No: *3:05-cv-38 EMC*

1    WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated, pray for

2    relief as stated hereinafter.

3    **SEVENTH CAUSE OF ACTION**

     **(Unfair Business Practices in Violation of California Business and**
4    **Professions Code §§17200 et. seq.)**

5

6    Plaintiffs incorporate by reference Paragraphs 1 through 62 above as if fully set forth, and

7    for a cause of action on behalf of all members of plaintiff class, allege as follows:

8    63.    The California Unfair Business Practices Act (UBPA), Cal. Bus. & Prof. Code §

9    17200 *et. seq*. prohibits business and/or individuals from engaging in, *inter alia*, business

10   practices which are unlawful, unfair or fraudulent.

11   64.    By all of the foregoing alleged conduct of failing to indemnify Plaintiffs and class

12   members for work-related expenses,  by failing and refusing to provide plaintiffs and class

13   members with workers compensation insurance and unemployment insurance benefits, by failing

14   to pay overtime compensation to Plaintiffs and plaintiff class members who operate trucks with a

15   gross vehicle weight rating of less than 10,001 pounds, by failing and refusing to provide meal

16   and/or rest periods to plaintiffs and members of the meal and rest period subclass, by unlawfully

17   deducting money from wages and coercing Plaintiffs and plaintiff class members to patronize

18   Defendant and allied companies, by intentionally, reckless and/or negligently misrepresenting to

19   Plaintiffs and plaintiff class members the true nature of their employment status, and by engaging

20   in the other acts and conduct alleged above,  FEG and FHD have committed, and are continuing

21   to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal.

22   Bus. & Professions Code §17200 et seq.

23   65.    As a direct and proximate result of the unfair business practices described above,

24   Plaintiffs, members of the plaintiff class and  the general public have all suffered significant

25   losses and Defendant has been unjustly enriched.

26   66.    Pursuant to Cal. Bus. & Prof. Code §17203, Plaintiffs, members of the plaintiff

27   class, and the general public are entitled to:  (a)  restitution of money acquired by Defendant by

28   means of their unfair business practices, in amounts not yet ascertained but to be ascertained at

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

- 21 -

FOURTH AMENDED CLASS ACTION COMPLAINT                    Case No: *3:05-cv-38 EMC*

trial; (b) injunctive relief against Defendant's continuation of their unfair business practices, and

(c) a declaration that Defendant's business practices are unfair within the meaning of the statute.

WHEREFORE, plaintiffs and the plaintiff class are entitled to relief as more fully set forth

below.

### EIGHTH CAUSE OF ACTION
### (Injunctive Relief -- Cal. Bus. & Prof. Code §17203)

Plaintiffs incorporate Paragraphs 1 through 66 of this Complaint as though fully set forth,

and for a cause of action on behalf of themselves and all persons similarly situated, allege as

follows:

67.    By failing to indemnify Plaintiffs and class members for work-related expenses, by

failing and refusing to provide plaintiffs and class members with workers compensation insurance

and unemployment insurance benefits, by failing to pay overtime compensation to Plaintiffs and

plaintiff class members who operate trucks weighting less than 10,000 pounds, by failing and

refusing to provide meal and/or rest periods, by unlawfully deducting money from wages and

coercing Plaintiffs and plaintiff class members to patronize Defendant and allied companies, and

by engaging in the other acts and conduct alleged above,  FEG has committed, and is continuing

to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal.

Bus. & Professions Code §17200 et seq.   Defendant, if not enjoined by this Court, will continue

to engage in the said unlawful, unfair and fraudulent business practices in derogation of the rights

of  Plaintiffs, of class members and of the general public to be free from such improper and anti-

competitive conduct.

68.    Absent injunctive relief enjoining Defendant from engaging in the unlawful, unfair

and fraudulent business practices described above, Plaintiffs, members of the class and the

general public will be irreparably injured, the extent, nature and amount of such injury being

impossible to ascertain.

69.    Plaintiffs have no plain, speedy and adequate remedy at law.

70.    For these reasons, preliminary and permanent injunctive relief is appropriate.

///

FOURTH AMENDED CLASS ACTION COMPLAINT                    Case No: *3:05-cv-38 EMC*

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

WHEREFORE, plaintiffs and plaintiff class are entitled to injunctive relief as more fully set forth below.

## NINTH CAUSE OF ACTION
**(Declaratory Relief  -- Declaratory Judgment Act, 28 U.S.C. §2201;
Cal. Code of Civil Procedure §1060)**

Plaintiffs incorporate Paragraphs 1 through 70 above as if fully set forth, and, for a cause of action, allege as follows:

71.     An actual and substantial controversy exists between Plaintiffs and members of the Plaintiff class on the one hand, and Defendant on the other hand, as to the following matters:

a.      Whether FEG and FHD  mis-classified drivers as independent contractors when they were and are in fact employees within the meaning of California law;

b.      Whether FEG and FHD  failed to reimburse pickup and delivery drivers for their necessarily incurred employment expenses, in violation of Labor Code §2802;

c.      Whether FEG and FHD have unlawfully refused to provide workers compensation and /or unemployment insurance benefits under applicable law;

d.      Whether FEG and FHD have unlawfully failed to pay overtime compensation required by California law;

e.      Whether FEG and FHD have unlawfully prohibited Plaintiffs and plaintiff class members from taking meal and/or rest periods as required by law;

f.      Whether FEG and FHD have made unlawful deductions from the compensation paid to Plaintiffs and plaintiff class members in violation of California law;

g.      Whether FEG and FHD have coerced or compelled Plaintiffs and plaintiff class members to patronize FEG, FHD and/or other companies in the purchase or lease of vehicles, uniforms, scanners, insurance and other equipment and materials in violation of California law; and

h.      Whether FEG and FHD have engaged in unlawful, unfair or fraudulent business practices in violation of California law.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

72.     Plaintiffs contend that in various ways, as alleged above, Defendant has violated federal and California law.  Defendant contends the opposite.  Declaratory relief is therefore appropriate.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## TENTH CAUSE OF ACTION
### (For an Accounting)

Plaintiffs incorporate Paragraphs 1 through 72 of this complaint as though fully set forth herein, and for a cause of action, allege as follows:

73.     Plaintiffs and members of the plaintiff class are owed the un-reimbursed employment expenses as well as other amounts due, and statutory interest thereon.

74.     Plaintiffs do not know the precise amount of compensation due to them and to each member of the class.  Upon information and belief, Defendant possesses business records from which the amount of compensation due and owing to plaintiffs and members of the class can be determined.

75.     The amount of statutory interest owed to plaintiffs and to each member of the class is based on the amount of compensation allegedly owed.  This amount can only be determined by an accounting of Defendant FEG's books and records.

WHEREFORE, plaintiffs and plaintiff class pray for relief as more fully set forth below.

## ELEVENTH CAUSE OF ACTION
### (Civil Penalties - Labor Code Section 2699)

Plaintiffs incorporate Paragraphs 1 through 75 of this complaint as though fully set forth herein, and for a cause of action, allege as follows:

76.     California Civil Code Section 2699 provides for the imposition of civil penalties for violations of the California Labor Code where there is no statute which specifically provides for the imposition of civil penalties in specified amounts to punish the alleged statutory violation;

77.     By and through the conduct described above, including failing to indemnify plaintiffs and class members for their work-related expenses, by failing and refusing to provide plaintiffs and class members with workers compensation insurance and unemployment insurance

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

benefits, by failing to pay overtime compensation to Plaintiffs and plaintiff class members who operate trucks with a gross vehicle weight rating of less than 10,001 pounds, by failing and refusing to provide meal and/or rest periods, by unlawfully deducting money from wages and coercing Plaintiffs and plaintiff class members to patronize Defendant and allied companies, Defendant has violated numerous provisions of the California Labor Code, including but not limited to Sections 221, 223, 226.7, 450, 510, 1194, and 2802 as detailed above.

78.     Pursuant to California Labor Code Section 2699, Defendant is liable for civil penalties of $100 per aggrieved employee per pay period for each initial statutory violation described above, and $200 per aggrieved employee per pay period for each subsequent violation payable to the California General Fund, the Labor and Workforce Development Agency, and Plaintiffs and members of the Plaintiff class for each pay period commencing November 12, 2000 and for each subsequent pay period to the date of trial.

79.     Plaintiffs have satisfied all of the prerequisites required for maintaining a civil suit to recover such penalties provided for in California Labor Code Section 2699.3.  Plaintiffs, by and through their counsel,  provided written notice by certified mail to the California Labor and Workforce Development Agency and Defendant of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.  Thereafter, in a letter dated December 23, 2004, the California Labor and Workforce Development Agency notified both Defendant and Plaintiffs' counsel that it does not intend to investigate the alleged violation.   A true and correct copy of this letter is attached here as Exhibit B.

WHEREFORE plaintiffs and the plaintiff class pray for relief as more fully set forth below.

### TWELFTH CAUSE OF ACTION
### [Wrongful Termination in Violation of Public Policy]

Plaintiffs incorporate Paragraphs 1 through 79 of this complaint as though fully set forth herein, and for a cause of action, allege as follows:

///

///

FOURTH AMENDED CLASS ACTION COMPLAINT                    Case No: *3:05-cv-38 EMC*

80.     Plaintiffs, on behalf of themselves and a class of similarly-situated FXG pick-up and delivery drivers, have asserted their rights under California law, including by instituting, prosecuting and participating in the instant proceeding claiming that Defendant has, *inter alia,* failed to provide reimbursement for work-related expenses pursuant to California Labor Code § 2802, failed to pay overtime compensation pursuant to California Labor Code §§1194 and 510, failed to timely pay wages owed pursuant to California Labor Code § 201, deprived meal and break periods pursuant to California Labor Codes §§510, 226.7 and IWC 9, and made illegal deductions from wages pursuant to California Labor Code §221 and 223, engaged unlawful coercion in violation of California Labor Code §450 et seq., engaged in fraud, committed unfair business practices in violation of California Business and Professions Code §§17200 et. seq.

81.     Plaintiffs' assertion of their rights on their own behalf and on behalf of a class of similarly-situated FXG pick-up and delivery drivers under California law, including their institution, prosecution, and/or participation in the instant proceeding, constitutes activity protected by public policies.

82.     Because Plaintiffs asserted their rights on behalf of themselves and a class of similarly-situated FXG drivers under California law as described herein, including by instituting, prosecuting, and/or participating in the instant proceeding, Defendant has willfully and maliciously subjected and continues to subject Plaintiffs and class members to adverse employment actions including, *inter alia,* eliminating all single-work area driver positions and conditioning Plaintiffs' and class members' work and right to receive monies from Defendant on their agreement to waive and/or release legal claims against Defendant.

83.     Plaintiffs and plaintiff class have suffered and will continue to suffer damages as a result of Defendant's unlawful conduct described herein and are entitled to damages according to proof.

84.     In addition, Plaintiffs and plaintiff class members are entitled to an injunction. Defendant, if not enjoined by this Court, will continue to engage in the unlawful conduct described above in derogation of the rights of Plaintiffs and of class members to engage in activities protected by public policies.

FOURTH AMENDED CLASS ACTION COMPLAINT                    Case No: *3:05-cv-38 EMC*

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

85.     If an injunction does not issue enjoining Defendant from engaging in the unlawful practices described above, Plaintiffs and members of the class will be irreparably injured, the extent, nature and amount of such injury being impossible to ascertain.

86.     Plaintiffs have no plain, speedy and adequate remedy at law.

87.     For these reasons, equitable relief is appropriate.

WHEREFORE Plaintiffs are entitled to relief as more fully set forth below.

## THIRTEENTH CAUSE OF ACTION
### (Injunctive and Declaratory Relief for Waiver of Claims in Violation of Law– California Civil Code § 1668)

Plaintiffs incorporate by reference Paragraphs 1 through 87 above as if fully set forth, and allege as follows:

88.     By all of the foregoing alleged conduct of soliciting and attempting to enforce indemnification and release agreements from Plaintiffs, and by engaging in the other acts and conduct alleged above, FEG and FHD are, and are continuing to violate, *inter alia,* California Civil Code §1668.

89.     Defendant, if not enjoined by this Court, will continue to engage in the said unlawful conduct in derogation of the rights of Plaintiffs.

90.     Absent injunctive relief enjoining Defendant from engaging in the unlawful, conduct described above, Plaintiffs will be irreparably injured, the extent, nature and amount of such injury being impossible to ascertain.

91.     Plaintiffs have no plain, speedy and adequate remedy at law.

92.     For these reasons, preliminary and permanent injunctive relief is appropriate.

93.     An actual and substantial controversy exists between Plaintiffs on the one hand, and Defendant on the other hand, as to the following matters:

    a.      Whether the "Contractor Conversation Agreement and Release of Claims" is unlawful and/or unenforceable;

    b.      Whether the "Compliance Disclosure Addendum" is unlawful and unenforceable;

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

- 27 -

c.   Whether FEG and FHD have acted unlawfully in seeking the execution of the "Contractor Conversation Agreement and Release of Claims" and /or the "Compliance Disclosure Addendum" from Plaintiffs.

94.   Plaintiffs contend that in various ways, as alleged above, Defendant has violated California law.  Defendant contends the opposite.  Declaratory relief is therefore appropriate.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## PRAYER FOR RELIEF

Plaintiffs, on their own behalf, on behalf of each member of the plaintiff class, and as private attorneys general on behalf of the public, pray for judgment as follows:

1.   For an order by the Court certifying the First, Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh causes of action as statewide class action claims pursuant to Federal Rule of Civil Procedure 23 and/or California Code of Civil Procedure §382;

2.   As to the First, Second, Third, Fourth, Fifth, Sixth and Seventh, Twelfth and Thirteenth Causes of Action, for an award to plaintiffs and all members of the class, the overtime subclass, and the meal and rest break subclass, of compensatory and punitive damages and other penalties in an amount which may be proven at trial, together with prejudgment interest at the maximum rate allowed by law, costs and reasonable attorney fees;

3.   As to the Sixth Cause of Action for Fraud, for an award of punitive damages in an amount to be proven at trial;

4.   As to the Seventh Cause of Action, for an order by the Court restoring and/or returning to plaintiffs and members of the class all of defendant's unfairly or illegally gotten profits measured by un-reimbursed expenses incurred, insurance premiums including for work accident and physical damage (deadhead) insurance, unpaid unemployment insurance benefits, monies unlawfully withheld from wages, unpaid overtime, a portion of self-employment tax paid by Plaintiffs and plaintiff class members which should have been paid by Defendant and other money due as part of a full restitutionary remedy;

5.   As to the Eighth Cause of Action, for an order by the Court preliminarily and permanently enjoining Defendant from continuing their unfair, unlawful and/or fraudulent business practices;

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

FOURTH AMENDED CLASS ACTION COMPLAINT                    Case No: *3:05-cv-38 EMC*

1       6.      As to the Tenth Cause of Action, for an accounting of all damages and/or

2  restitution, and/or pre-judgment interest;

3       7.      As to the Eleventh Cause of Action, for civil penalties as provided for in California

4  Labor Code Section 2699;

5       8.      As to the Twelfth Cause of Action, for equitable relief including a  declaration that

6  the waivers and releases sought by Defendant from Plaintiffs are unlawful and unenforceable and

7  that Defendant's solicitation of such releases is unlawful and a Temporary Restraining Order and

8  preliminary and permanent injunction prohibiting Defendant from soliciting or enforcing such

9  waivers and releases;

10       9.      For an award to plaintiffs of all of their costs and expenses incurred in this action,

11  including reasonable attorneys' pursuant to applicable California law, including but not limited to

12  Cal. Code of Civil Procedure §1021.5 and California Labor Code §§1194, 2802, 2699(f) and

13  other laws; and

14       10.     For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all claims as to which they are entitled to jury trial.

Dated:  September ___, 2015          Respectfully submitted,
                            **LEONARD CARDER, LLP**

By: _____
        Beth A. Ross
        *Attorneys for Plaintiffs and Plaintiff Class*

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

FOURTH AMENDED CLASS ACTION COMPLAINT           Case No: *3:05-cv-38 EMC*