BETH A. ROSS (SBN 141337)
bross@leonardcarder.com
AARON D. KAUFMANN (SBN 148580)
akaufmann@leonardcarder.com
DAVID P. POGREL (SBN 203787)
dpogrel@leonardcarder.com
ELIZABETH R. GROPMAN (SBN 294156)
egropman@leonardcarder.com
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, California 94612
Tel: (510) 272-0169
Fax: (510) 272-0174

*Attorneys for Plaintiffs and the Putative Class*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN ALEXANDER, *et. al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC. et. al.,<br><br>Defendant. | Case No: 3:05-cv-38 EMC<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT SUBCLASS, AND ORDERING SUPPLEMENTAL CLASS NOTICE**<br><br>Date:   October 15, 2015<br>Time:   1:30 PM<br>Dept.:  Courtroom 5 |

WHEREAS, Plaintiffs Dean Alexander, Peter Allen, Albert Anaya, Suzanne Andrade, Jarrett Henderson, Ely Ines, Jorge Isla, Paul Infantino, Eric Jeppson, Gupertino Magana, Bernard Mendoza, Jesse Padilla, Marjorie Pontarolo, Joey Rodriguez, Dale Rose, Allan Ross, Agostino Scalercio, and Anthony Ybarra (collectively, "the Plaintiffs"), on behalf of themselves and the Certified Class and the Certified Subclass, and Defendant FedEx Ground Package System, Inc. ("FXG" or "FedEx Ground") (collectively, "the Parties") have agreed, subject to Court approval,

to settle the certified claim in this litigation upon the terms and conditions stated in the Class Action Settlement Agreement (the "Settlement Agreement") attached as **Exhibit 1** to the Declaration of Beth A. Ross filed in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Certification of Settlement Subclass, and Supplemental Class Notice;

WHEREAS, the Settlement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Settlement Agreement (in addition to any capitalized terms defined herein); and

WHEREAS, this Court has considered the Settlement Agreement and the Exhibits attached thereto and Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Supplemental Class Notice and the supporting papers thereto;

NOW THEREFORE, IT IS ORDERED:

1. This Court does hereby preliminarily approve, subject to further consideration at the Fairness Hearing described below, the Settlement Agreement and the terms of the Settlement set forth therein as fair, reasonable, and adequate.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement resolving the claims of the Meal and Rest Period Settlement Subclass, the Court finds and concludes that the proposed Meal and Rest Period Settlement Subclass satisfies all the requirements for certification under Rule 23(a) and (b)(2): The Meal and Rest Period Settlement Subclass is sufficiently numerous (approximately 468 drivers) that joinder is impracticable, and it thus satisfies the requirement of Rule 23(a)(1). The Meal and Rest Period Settlement Subclass also satisfies the commonality requirement of Rule 23(a)(2), as the allegations against Defendants arise from FedEx's common policies pertaining to meal and rest periods. The claims of the Named Plaintiff is typical of those of the Subclass Members, as they were all classified as non-employees of FedEx and were all subject to the same policies regarding the taking of meal and rest periods so the requirement of Rule 23(a)(3) is satisfied. Finally, the Named Plaintiff is an adequate Class Representative as required by Rule 23(a)(4), as the Court finds that they will fairly and adequately protect the interests of the Meal and Rest Period

Settlement Subclass, and Plaintiffs' Counsel meets the requirements of Rule 23(g).

The Meal and Rest Period Settlement Subclass satisfies the requirements for certification under Rule 23(b)(3) because common questions "predominate over any questions affecting only individual members," and class resolution is "superior to other available methods for the fair and efficient adjudication of the controversy." In addition, the alternative to a single class action – numerous individual actions – would be inefficient and unfair.

Therefore, the Court conditionally certifies for settlement purposes the following Meal and Rest Period Settlement Subclass pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3): All persons who: 1) entered or will enter into a FXG Ground or FXG Home Delivery form Operating Agreement (now known as form OP-149 and form OP-149 RES) between November 17, 2000 and October 15, 2007; 2) drove or will drive a vehicle on a full-time basis (meaning exclusive of time off for commonly excused employment absences) since August 1, 2011, to provide package pick-up and delivery services pursuant to the Operating Agreement; and 3) were dispatched out of a terminal in the State of California.

The Court appoints Plaintiff Marjorie Pontarolo as Class Representative of the Meal and Rest Period Settlement Subclass. The Court finds that the firm Leonard Carder, LLP, has extensive experience in employment class actions, is knowledgeable in the applicable law, and has committed significant resources to representing the Class. The Court therefore appoints this firm as Class Counsel.

3. The Fairness Hearing shall be held before the United States District Court, District of California, on March 24, 2016 at 1:30 p.m. before this Court in Courtroom 5 of the United States Courthouse at 450 Golden Gate Avenue, San Francisco CA 94102-3489 to determine: (1) whether the terms of the Settlement should be approved as fair, reasonable, and adequate; (2) whether the action should be dismissed on the merits and with prejudice; and (3) whether Class Counsel's request for attorneys' fees and expenses, and incentive awards for the individuals who brought this action, should be approved.

4. This Court designates Rust Consulting as the Settlement Administrator and directs Rust Consulting to perform each and every one of the functions listed in Sections II(3) and

III(C)(1) through (23) of the Settlement Agreement, in accordance with the terms of the Settlement Agreement and this Preliminary Approval Order. All Administration Expenses will be paid out of the class settlement fund, in accordance with the terms of the Settlement Agreement.

5. This Court finds that CAFA notice is required and thus orders the parties to send such notice no later than one week from the date of this order.

6. This Court approves, as to form and content, the Settlement Notice attached as **Exhibit D** to the Settlement Agreement (as modified, *see* Docket No. 178), the Supplemental Class and Settlement Notice attached as **Exhibit E** to the Settlement Agreement (as modified, *see* Docket No. 178), and the Forms (including both the Claimant Identification Form and IRS Form W-9) attached as **Exhibit C** to the Settlement Agreement (as modified, *see* Docket No. 178). This Court finds that the mailing of the Settlement Notice and the Class and Settlement Notice in the manner and form set forth in Section IV of the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Class Members.

7. The Final Claims Date, in order to meet the requirements for the submission of a Valid Claim under the Settlement Agreement, is January 15, 2016, **60 days** after mailing of the Settlement Notice and Claim Forms on November 16, 2015.

8. Any Class Member or Subclass Member may request to exclude him or herself (i.e. "opt out") from the Meal and Rest Period Settlement Subclass by submitting an Exclusion Request to the Settlement Administrator, which request must be either postmarked by the United States Postal Service no later than **60 days** after mailing of the Settlement Notice and Claim Forms.

9. Any previously Un-notified Class Member or Subclass Member may request to exclude him or herself (i.e. "opt out") of the Certified Class by submitting an Exclusion Request to the Settlement Administrator, which request must be either postmarked by the United States Postal Service or actually received by the Settlement Administrator no later than **60 days** after mailing of the Settlement Notice and Claim Forms.

4

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT SUBCLASS, AND ORDERING SUPPLEMENTAL CLASS NOTICE

Case No. 3:05-cv-38 EMC

10. Any Class Member may object to the Settlement, the Settlement Agreement, the attorneys' fees and expenses requested by Class Counsel, or the incentive awards requested by Class Counsel for the individuals who brought this lawsuit; provided, however, that unless otherwise ordered by the Court, no such objection shall be considered by the Court unless it has been filed with the Court and served on Class Counsel and FedEx Ground's counsel no later than **60 days** after mailing of the Settlement Notice and Supplemental Class and Settlement Notice and Claim Forms. Any Class Member who does not make his or her objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, unless otherwise ordered by the Court, but shall otherwise be bound by the final settlement approval order and judgment to be entered and releases given.

11. Any Class Member may appear at the Fairness Hearing for the purposes of objecting to the Settlement Agreement, the amount of fees and expenses that Class Counsel has requested, or the incentive awards requested by Class Counsel for the individuals who brought this lawsuit; provided, however, that unless otherwise ordered by the Court, no Class Member shall be heard at the Fairness Hearing unless that individual has properly provided, in accordance with the provisions of the Settlement Notice, a Notice of Intention to Appear, which must be sent to the Clerk of the Court, Class Counsel, and FedEx Ground's counsel at the addresses provided in the Settlement Notice and must be postmarked no later than **60 days** after mailing of the Settlement Notice, Supplemental Class and Settlement Notice, and Claim Forms.

12. Any Class Member may file papers in support of final approval of the Settlement, provided, however, that unless otherwise ordered by the Court, no such papers in support of the Settlement shall be considered by the Court unless they have been filed with the Court and served on Class Counsel and FedEx Ground's counsel no less than **60 days** after mailing of the Settlement Notice. Supplemental Class and Settlement Notice and Claim Forms.

13. Class Counsel is ordered to file its motion for final approval **35 days** prior to the Fairness Hearing and its motion for an award of attorneys' fees and expenses and incentive awards by November 14, 2015.

5

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT SUBCLASS, AND ORDERING SUPPLEMENTAL CLASS NOTICE

Case No. 3:05-cv-38 EMC

14. Neither the Settlement Agreement, nor any other act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be offered, attempted to be offered, or used in any way by the Parties as, a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Parties or of the validity of any Released Claims; or (b) is intended by the Parties to be used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, as evidence or otherwise. However, the Parties may file the Settlement Agreement, and documents executed pursuant to or in furtherance thereof, in any action to enforce the Settlement.

15. The Court reserves the right to continue the date of the Fairness Hearing or modify any other dates set forth herein without further notice to the Class Members. The Court may approve the Settlement, with such modification(s) as may be agreed to by the Parties, if appropriate, without further notice to the Class Members.

This order disposes of Docket No. 148. The prior motion for preliminary approval, found at Docket No. 134, is deemed moot in light of the Court's granting of the motion for preliminary approval found at Docket No. 148.

IT SO ORDERED, this the 22d day of October, 2015.

_____
Honorable Edward M. Chen
United States District Judge

**LEONARD CARDER, LLP**
**ATTORNEYS**
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

6
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT SUBCLASS, AND ORDERING SUPPLEMENTAL CLASS NOTICE
Case No. 3:05-cv-38 EMC