1  BETH A. ROSS (SBN 141337)
   bross@leonardcarder.com
2  AARON D. KAUFMANN (SBN 148580)
   akaufmann@leonardcarder.com
3  DAVID P. POGREL (SBN 203787)
   dpogrel@leonardcarder.com
4  ELIZABETH R. GROPMAN (SBN 294156)
   egropman@leonardcarder.com
5  LEONARD CARDER, LLP
6  1330 Broadway, Suite 1450
   Oakland, California 94612
7  Tel: (510) 272-0169
   Fax: (510) 272-0174
8

9  *Attorneys for Plaintiffs and the Plaintiff Class*

10

11                   UNITED STATES DISTRICT COURT

12                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| DEAN ALEXANDER, *et. al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC. et. al.,<br><br>Defendant. | Case No: 3:05-cv-38 EMC<br><br>**DECLARATION OF BETH A. ROSS IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>Date:   April 7, 2016<br>Time:  1:30 PM<br>Dept.:  Courtroom 5 |

I, Beth A Ross, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am admitted to practice in all California courts, as well as all of the U.S. District Courts in the State of California, the Seventh and Ninth Circuit Courts of Appeal, and the United States Supreme Court. I am a partner in the firm of Leonard Carder, LLP, located at 1330 Broadway, Suite 1450, Oakland, CA, 94612. I am the lead attorney for the Plaintiff class in this matter. I make this declaration in support of Plaintiffs' Motion for Final Approval of Class Settlement and Certification of Settlement Subclass. I have personal knowledge of the facts set forth below and I could and would testify competently about them if called as a witness in this matter.

2. The parties agreed to a use claims procedure for this case based on the belief that it would be the most effective way to ensure that the very substantial settlement payments to be made to class members will reach the recipients for whom they are intended. The claims forms have been used, in part, to confirm the current address of hundreds of Class Members who have worked for FXG over the last 15 years. The class list that was used for the Notice mailing was generated by FedEx Ground in 2008-2009, more than seven years ago, and neither Plaintiffs nor FXG were comfortable simply sending checks for substantial sums of money to a large number of unconfirmed addresses. (The *average* recovery payable to class members who have filed claims will be approximately $113,000 and a large number of class members will receive payments greater than $200,000). The parties therefore opted to use a claims process to ensure that checks were not blindly sent to outdated addresses, where they could either be lost or fraudulently cashed to the detriment of the Class Members for whom they are intended.

3. In fact, the claims process has enabled our office to identify Class Members with outdated addresses, investigate their current whereabouts, and in many cases locate Class Members who otherwise would never have received either the Notice or a settlement payment. We received regular reports from the settlement administrator regarding which Class Members had not returned their claim forms which my staff used to focus their efforts on making contract with Class Members who filed their claims. Our office invested scores of hours of paralegal and lawyer time to use the claims process to ensure that we had accurate contract information for as

many Class Members as possible and that these Class Members properly received the Notice packet and ultimately the ability to claim their settlement awards.

4. Additionally, since mid-November 2015 when Rust Consulting mailed the original class notice, my office has received and responded to many hundreds of phone calls and emails from Class Members regarding the Settlement, the Notice, and Claim Forms. For example, we worked with Rust to provide notice via e-mail to Class Members who currently live in Brazil and would not have otherwise timely received Notice.

5. Beginning in January 2016, I assigned dedicated staff to locate and contact Class Members who had not yet filed claim forms to ensure they had received notice, to remind them of the Court's deadlines, to answer questions, and to assist them with the claim filing process. The legal assistant assigned to this case (Rosemary Prem) – working with Rust – identified those class members who had not yet filed claims and, together with two other dedicated staff members (Kathia Morales and Mari Adriano) spent many dozens of hours attempting to locate and contact the class members who had not yet filed a claim, opt-out, or objection the claim process. All told, my office made a concerted effort to locate and contract approximately 700 missing class members by telephone, and succeeded in making positive contact with 273 such persons, including the estates of approximately 5 deceased class members and a number who have relocated to other countries. I am convinced that given the many years this case has been pending and the concerns we had about the addresses on file, if we had instead simply mailed out checks many fewer class members would ultimately receive their settlement payments.

6. In addition to the contact information provided by FedEx, we developed updated class member contact information provided to our firm over the years by the class members themselves as well as using both paid and free internet services, as well as friends and family members of the class members.

7. Since the February 15, 2016 claim filing deadline, my office has continued to receive inquiries from class members who did not receive the notice and/or who were unable to file claims by the deadline for one reason or another. My staff has encouraged these class

-2-
DECLARATION OF BETH A. ROSS IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS           Case No. 3:05-cv-38 EMC

1  members to file late claims. In principal, the parties have agreed, subject to the Court's approval,
2  to honor late-filed claims.

3      8. I am advised by Rust that approximately 66 challenges have been filed by
4  individual Class Members with respect to the payment calculations underlying their pro rata
5  shares of the settlement fund. I have received all of the challenges and have provided information
6  to the Settlement Administrator to assist her in resolving the challenges. My analysis suggests
7  that approximately six of the 66 challenges are likely to be sustained.

8      9. In the predecessor *Estrada* litigation, the trial court required class members to
9  respond to individualized discovery – including surveys and questionnaires – about their damages
10 and other issues. I was personally in charge of the damage phase of the trial, and oversaw the
11 cumbersome and onerous process of collecting, data-entering, analyzing, and summarizing the
12 receipts-based proof to establish the class members' damage claims. Only a small number of the
13 *Estrada* class members had comprehensive records, others had partial records, and quite a few
14 had little to no records to prove their claims for expenses they incurred in some cases more than a
15 decade early. The vast majority of the *Estrada* class members would certainly have received
16 larger judgments if the court had allowed us to prove the vehicle related costs using a mileage
17 proxy. Moreover, the use of court-ordered questionnaires and other individualized discovery led
18 to the dismissal with prejudice of hundreds of class members who did not respond during earlier
19 phases of the case.

20     10. The range of recoveries payable to the Named Plaintiffs including their pro rata shares
21 of the class settlement and their individual MRB settlement payments is between approximately
22 $35,000 to $295,000. The range of recoveries payable is $250 and $445,000. Ten of the
23 seventeen (17) Named Plaintiffs will receive settlement payments at or below the *median*
24 estimated settlement payment of $113,000 and five of the Named Plaintiffs can expect to recover
25 more $200,000.
26 //
27 //
28 //

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 2nd day of March, 2016 at Oakland, California.

                                    */s/ Beth A. Ross*
                                     Beth A. Ross

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174