UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN ALEXANDER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX GROUND PACKAGE SYSTEM, INC., et al., <br><br> Defendants. | Case No. 05-cv-00038-EMC <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO SHORTEN TIME** <br><br> Docket No. 216 |

Plaintiffs have asked for their motion for corrective notice, an order enjoining unilateral communications, and sanctions to be heard on shortened time. Oppositions have been filed by the Hersh & Hersh ("Hersh") and Audet & Partners, LLP ("Audet") law firms. The Court hereby **GRANTS** the request for shortened time. There is good cause for shortened time. Although Hersh states that the two law firms have agreed not to send further communications to *Alexander* class members until after the claims filing period has closed (*i.e.*, May 15, 2016), that does not the resolve the pending motion because Plaintiffs are asking for a corrective notice from the Court.[1] Moreover, there is a need to move expeditiously because, if a corrective notice is necessary, it must be promptly issued so that class members will have the benefit of the notice well in advance of May 15.

The Court does not find that either Hersh or Audet will be unfairly prejudiced by shortened time. Both law firms were able to file substantive responses to the request for shortened time in a timely fashion. Moreover, although Plaintiffs' motion raises significant issues, the Court is not

---

[1] With respect to Hersh's point that the communications challenged were sent after the initial claims filing period had expired (*i.e.*, before the Court extended the period to May 15, 2016), the Court notes that that may be true. However, the communications were still sent prior to the final approval hearing.

persuaded that they are so complicated that they cannot be addressed in shortened time. And should the substantive briefing present matters sufficiently complex, the Court may delay a ruling on the merits in order to get additional input from the parties/attorneys involved. At the very least, however, Plaintiffs' motion raises serious questions that merit initial consideration on an expedited basis, under the circumstances presented herein. The Court also notes that Hersh at least seems to have contributed to the time pressure it now faces. Hersh could have disclosed the fact that it issued letters to class members, at the very least, at the final approval hearing but it did not do so. (Mr. Burton is an attorney at Hersh but is also an attorney at Audet, which represents Mr. Zohrabians in this lawsuit.)

Accordingly, the Court grants the motion to shorten time. Any opposition to Plaintiffs' motion for corrective notice and for further relief shall be filed and served by **3:00 p.m., April 21, 2016**. A hearing shall be held on **April 22, 2016, at 12:30 p.m.** Given that Mr. Audet is currently out of town at a conference, he (and he alone) has leave to make a telephonic appearance. The Court advises Mr. Audet, however, that he may wish to have another attorney at his law firm make an appearance in person. Mr. Audet shall promptly contact Betty Lee, the Courtroom Deputy, to provide a telephone number.

This order disposes of Docket No. 216.

**IT IS SO ORDERED**.

Dated: April 20, 2016

_____
EDWARD M. CHEN
United States District Judge

2