UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEAN ALEXANDER, et al.,

           Plaintiffs,

    v.

FEDEX GROUND PACKAGE SYSTEM, INC., et al.,

           Defendants.

Case No.  05-cv-00038-EMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CORRECTIVE NOTICE, AN ORDER ENJOINING UNILATERAL COMMUNICATIONS, AND SANCTIONS**

Docket No. 216

Currently pending before the Court is Plaintiffs' motion for corrective notice, an order enjoining unilateral communications, and sanctions.  A hearing was held on Plaintiffs' motion on April 22, 2016.  At the hearing, the Court **GRANTED** in part and **DENIED** in part Plaintiffs' request for relief.  This order memorializes the Court's rulings on the motion and provides additional analysis, as necessary.

## I.  DISCUSSION

A.    Order Enjoining Unilateral Communications

Mr. Burton (both on his behalf and on behalf of the Hersh law firm) and Plaintiffs stipulated on the record that he/Hersh will not initiate or invite any unilateral communications to the *Alexander* class until after the claims filing period has closed.  Currently, that claims filing deadline is May 15, 2016, but that may be subject to change.  Pursuant to that stipulation, the Court so orders.  The Court also notes that, even absent a stipulation under a *Gulf Oil* analysis, this remedy would be appropriate for the reasons stated on the record.  *See generally Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981) (stating that "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a

weighing of the need for such a limitation and the potential interference with the rights of the parties").

B.   Corrective Notice

The Court has authority to issue a corrective notice pursuant to Federal Rule of Civil Procedure 23(d).  A corrective notice is necessary because the letter sent by Mr. Burton/Hersh contains false and/or misleading statements.  For example, the statement that Plaintiffs' counsel settled meal-and-rest-break ("MRB") claims for $0 omits the fact that, ultimately, the class was given monetary consideration ($5.6 million) for MRB claims that accrued after August 2011 and that MRB claims that accrued before August 2011 were not settled at all.  Also, the statement that Plaintiffs' counsel requested between $50 and $60 million in fees omits the fact that the fees requested covered not just the post-August 2011 MRB claims but also other wage-and-hour claims and that the total settlement is for nearly $227 million.

There is evidence before the Court that the Burton/Hersh letter has in fact misled or confused class members.  To ensure that that confusion does not deter class members who have not yet filed claims from filing such claims, the Court shall require a corrective notice to be sent to certain members of the class, more specifically (1) the class members to whom Mr. Burton/Hersh sent the letter[1] and (2) the approximately 450 class members who have not yet filed claims.[2]  After the hearing, Plaintiffs' counsel submitted a proposed corrective notice (Docket No. 227-1), with content largely consistent with the Court's instructions at the hearing.  The Court has brief modifications to that proposed notice and shall shortly finalize that notice to be issued to the above-identified class members.

Mr. Burton/Hersh shall bear the cost of the corrective notice.  This includes the cost of drafting the corrective notice and the mailing of the corrective notice by the claim administrator.

---

[1] Mr. Burton/Hersh shall identify for Plaintiffs to whom the letter was sent.  According to Mr. Burton/Hersh, approximately 60 of the letters were returned as undeliverable.  The corrective notice need not, of course, be sent to these class members.  However, Mr. Burton/Hersh shall provide proof to Plaintiffs that the letters were in fact returned as undeliverable.

[2] There may be some overlap between these two categories.  Even if those persons in the first category have already submitted claims, they shall still be sent a corrective notice as they may have talked to other class members about the Burton/Hersh letter that they received.

United States District Court
For the Northern District of California

1  This is not a sanction; rather, this simply reflects the fact that no corrective notice would need to

2  be issued but for the fact that Mr. Burton/Hersh sent the letter in the first place.

3       To the extent Mr. Burton and Hersh have raised an objection to the cost of notice based on

4  anti-SLAPP law or the litigation privilege, the Court is not persuaded.  The anti-SLAPP law is, on

5  its face, clearly not applicable.  *See, e.g.*, Cal. Code Civ. Proc. § 425.16(b)(1) (providing that "[a]

6  *cause of action* against a person arising from any act of that person in furtherance of the person's

7  right of petition or free speech . . . in connection with a public issues *shall be subject to a special*

8  *motion to strike*") (emphasis added).  Also, *Gulf Oil* is the proper analysis for the protection of free

9  speech rights.  As for the litigation privilege, it is designed to protect against a "later derivative

10  tort action" (not the situation here) and actually "favor[s] sanctions within the original lawsuit."

11  *People v. Persolve, LLC*, 218 Cal. App. 4th 1267, 1274 (2013).

12  C.   Sanctions

13       Because the Court is ordering Mr. Burton/Hersh to pay the cost of the corrective notice,

14  pursuant to its Rule 23 authority, Plaintiffs' request for sanctions is partially rendered moot.  To

15  the extent Plaintiffs seek an award of fees for the cost of preparing the pending motion, the request

16  for relief is denied.  The Court is satisfied that Mr. Burton/Hersh did not act with the intent to

17  disrupt the claims filing process in this suit, given that the communication was sent after the initial

18  claims period had already closed.

19       This order disposes of Docket No. 216.

20

21       **IT IS SO ORDERED**.

22

23  Dated: April 25, 2016

24  _____

25  EDWARD M. CHEN
    United States District Judge

26

27

28

3