Name: Steven F. Helfand, SBN 206667
Address: 910 West Avenue, Unit 438
City, State, Zip: Miami Beach, FL 33139
Phone: 415.596.5611
Fax: none
E-Mail: sh4078@gmail.com

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☒ Retained

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

DEAN ALEXANDER, et al, on behalf of themselves and all others similiarly situtated
PLAINTIFF(S),

v.

FEDEX GROUND PACKAGE SYSTEM, INC. et al.,
DEFENDANT(S).

CASE NUMBER: 3:05-CV-38 EMC

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that _____Rafick El-Hani & El-Hani Services, Inc._____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

## Criminal Matter

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

## Civil Matter

☐ Order (specify):

☒ Judgment (specify):
Revised Judgment - Final Approval,
Attorney Fees and Incentive Awards

☐ Other (specify):

Imposed or Filed on _____June 17, 2016_____. Entered on the docket in this action on June 17, 2016.

A copy of said judgment or order is attached hereto.

June 30, 2016
Date

/s/ Steven F. Helfand
Signature
☐ Appellant/ProSe  ☒ Counsel for Appellant  ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                    NOTICE OF APPEAL

BETH A. ROSS (SBN 141337)
bross@leonardcarder.com
AARON D. KAUFMANN (SBN 148580)
akaufmann@leonardcarder.com
DAVID P. POGREL (SBN 203787)
dpogrel@leonardcarder.com
ELIZABETH R. GROPMAN (SBN 294156)
egropman@leonardcarder.com
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, California 94612
Tel: (510) 272-0169
Fax: (510) 272-0174

Attorneys for Plaintiffs and the Putative Class

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN ALEXANDER, *et. al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC. et. al.,<br><br>Defendant. | Case No: 3:05-cv-38 EMC<br><br>**[*REVISED PROPOSED*] ORDER AND JUDGMENT GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND PAYMENT OF ATTORNEYS' FEES AND INCENTIVE AWARDS** |

This matter came before the Court for hearing on April 7, 2016, to consider final approval of the proposed Settlement reached by and between Plaintiffs Dean Alexander, Peter Allen, Albert Anaya, Suzanne Andrade, Jarrett Henderson, Ely Ines, Jorge Isla, Paul Infantino, Eric Jeppson, Gupertino Magana, Bernard Mendoza, Jesse Padilla, Marjorie Pontarolo, Joey Rodriguez, Dale Rose, Allan Ross, Agostino Scalercio, and Anthony Ybarra (collectively, "the Plaintiffs), on behalf of themselves and the Certified Class, the Certified Overtime Subclass, and the Certified Meal and Rest Period Settlement Subclass , and Defendant FedEx Ground Package System, Inc. ("FXG" or "FedEx Ground") (collectively, "the Parties"), the terms of which

Settlement are set forth in the Class Action Settlement Agreement (the "Settlement Agreement") attached as **Exhibit 1** to the Declaration of Beth A. Ross In Support of the Preliminary Approval of Class Settlement, Certification of Settlement Subclass, and Supplemental Class Notice. Dkt. Nos. 149; 149-1, Ex. 1. This Court has reviewed and considered all documents, evidence, objections, and the arguments presented in support of or against the Settlement. Good cause appearing therefore, this Court hereby grants final approval of the Settlement and enters this Judgment.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Unless otherwise stated herein, all capitalized terms contained in this Order and Judgment shall have the same meaning and effect as stated in the Settlement Agreement (in addition to any capitalized terms defined herein).

2. This Court hereby approves the Settlement and finds that the Settlement is in all respects, fair, reasonable, and adequate and hereby directs the Parties to perform, or cause to be performed, the remaining terms of the Settlement as set forth in the Settlement Agreement. The Court authorizes the payment by the Settlement Administrator, of Valid Claims submitted by the extended claim filing deadline of May 27, 2016[1] that have been approved by the Settlement Administrator, in accordance with the terms of the Settlement Agreement. The Court further approves the parties agreed upon procedure for disbursement of the $2 million dollar reserve fund that is provided for by the Settlement Agreement, with such claims to be paid approximately 220 days after checks are issued to pay the claims of persons who fit the class definition but who were not previously identified as members of the plaintiff class according to the settlement formula described in the Settlement Agreement.

3. The Court hereby approves and authorizes one million six hundred thousand dollars ($1,600,000) in civil penalties pursuant to California Labor Code Section 2699, and orders that the Settlement Administrator pay 75% of that sum, one million two hundred thousand dollars

---

[1] The Court also hereby approves payment of the one late claim that was submitted. *See* Docket No. 247 (Order Granting Final Approval and Plaintiffs' Motion for Attorneys' Fees, 1:19-24); Docket No. 244 (2d Supp. Myette Decl. ¶ 13).

($1,200,000), to the Labor and Workforce Development Agency of the State of California, in accordance with the terms of the Settlement Agreement and California law.

4. This Court hereby dismisses with prejudice this action, specifically including the Released Claims, with each party to bear its own costs and attorneys' fees, except as provided in Paragraph 10 below.

5. Upon the entry of this Final Approval Order, Plaintiffs, all Class Members, Overtime Subclass Members, and Meal and Rest Period Settlement Subclass Members (as identified in Exhibit A hereto) shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against all Releasees. As set forth in Sections I.T-U and VIII of the Settlement Agreement, which are incorporated by reference herein, the "Released Claims," as to Plaintiffs, all Class Members, and all Subclass members means all claims, actions, causes of action, administrative claims, demands, debts, damages, penalties, costs, interest, attorneys' fees, obligations, judgments, expenses, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, *except as specifically provided below*, which: (i) are owned or held by Plaintiffs, General Class Members, and Overtime Subclass Members and/or by their affiliated business entities (if any), or any of them, as against Releasees, or any of them; and (ii) arise under any statutory or common law claim which was asserted in Plaintiffs' operative complaint or, whether or not asserted, which could have been asserted in this action arising out of the factual allegations set forth in the operative complaint and that are related to, or arise from, the employment classification of the Class or Overtime Subclass. Members of the Meal and Rest Period Settlement Subclass and or their affiliated business entities (if any), as against Releasees, or any of them, release any claims, causes of action, administrative claims, demands, debts, damages, penalties, costs, interest, attorneys' fees, obligations, judgments, expenses, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, premised on the factual allegations in Plaintiffs' operative complaint for failure to provide them with meal and rest periods as required by California Labor Code Sections 226.7, 510 and IWC Wage Order 9 between August 1, 2011 and August 31, 2015 as alleged in the Third Cause of Action. It is expressly understood between the parties that this release of claims *does*

3

[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT
AND PAYMENT OF ATTORNEYS' FEES AND INCENTIVE AWARDS     Case No. 3:05-cv-38 EMC

*not* extend to and does not release claims that are owned or held by General Class Members, Overtime Subclass Members, or Meal and Rest Period Settlement Subclass Members and/or by their affiliated business entities (if any), as against Releasees, or any of them, for claims premised on alleged violations of California Labor Code Sections 226.7, 510 and IWC Wage Order 9 (if any) that accrued at any time prior to August 1, 2011, which claims were not certified as class claims in this action and are not covered by the Settlement Agreement.

6. Upon the entry of this Final Approval Order, Plaintiffs and all Class Members (as identified in Exhibit A hereto) are barred and enjoined from asserting, filing, maintaining, or prosecuting, or in any way participating in the assertion, filing, maintenance or prosecution, of any action asserting any Released Claim against any of the Releasees, as set forth in and in accordance with the terms of the Settlement Agreement. Nothing herein shall in any way impair or restrict the right of the Parties to enforce the terms of the Settlement.

7. This Court finds that the administration of the Settlement Notice was performed in accordance with the Preliminary Approval Order entered by this Court on October 22, 2016 (Dkt. No. 179) and the Order approving the parties' Joint Request on November 9, 2015 (Dkt. No. 184), and that such notice was reasonable, constituted the most practicable notice under the circumstances, and complied with the requirements of the Federal Rules of Civil Procedure and due process.

8. This Court finds that the administration of the notice required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, was performed in accordance with the Preliminary Approval Order entered by this Court on October 22, 2016 and with the requirements of CAFA.

9. All objections made to the Settlement are hereby overruled.

10. This Court hereby approves the attorneys' fees and expenses requested by Class Counsel in the amount of $37,200,000 and directs payment from the Class Settlement Fund of that amount to Class Counsel, in accordance with the terms of the Settlement Agreement.

11. The Court hereby approves the Incentive Awards of $10,000 to Plaintiffs Dean Alexander, Peter Allen, Albert Anaya, Suzanne Andrade, Jarrett Henderson, Ely Ines, Paul Infantino, Jorge Isla, Eric Jeppson, Gupertino Magana, Bernard Mendoza, Jesse Padilla, Joey

Rodriguez, Dale Rose, Allan Ross, Agostino Scalercio, and Anthony Ybarra and directs payment of that amount from the Class Settlement Fund to each of them, in accordance with the terms of the Settlement Agreement. The Court hereby approves the Incentive Award of $1,500 to Plaintiff Marjorie Pontarolo and directs payment of that amount from the Class Settlement Fund to her, in accordance with the terms of the Settlement Agreement.

12. Plaintiffs have requested appointment of the Impact Fund (Berkeley, CA) and California Rural Legal Assistance Foundation (San Francisco, CA) as the *cy pres* beneficiaries. Because the Impact Fund and the California Rural Legal Assistance Foundation meet the test under *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2013) that "there be a driving nexus between the plaintiff class and the *cy pres* beneficiaries," the Court hereby designates the Impact Fund and California Rural Legal Assistance Foundation as *cy pres* beneficiaries for receipt of undistributed funds, in equal shares, as provided under the Agreement and this Order.

13. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as: (a) an admission of, or evidence of, the validity of any Released Claim or any wrongdoing or liability of any Releasee; (b) an admission or concession by Plaintiffs or any Class Member or Subclass Member of any infirmity in the claims asserted in any complaint or amended complaint filed in this action; (c) an admission of, or evidence of, any fault or omission of any of the Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the implementation of the Settlement; and (b) the Parties and their counsel, and the Settlement Administrator, for the sole purpose of construing, enforcing, and administering the Settlement and this Order and Judgment.

///

///

///

5

[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND PAYMENT OF ATTORNEYS' FEES AND INCENTIVE AWARDS  Case No. 3:05-cv-38 EMC

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

15. There is no reason for delay in the entry of this Judgment. The Clerk of this Court is hereby directed to immediately enter this Judgment.

IT IS SO ORDERED, this the 17th day of June, 2016.

_____
Honorable Edward M. Chen
United States District

*IT IS SO ORDERED*
*Judge Edward M. Chen*

(Seal: United States District Court, Northern District of California)

6

[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT
AND PAYMENT OF ATTORNEYS' FEES AND INCENTIVE AWARDS       Case No. 3:05-cv-38 EMC

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174